BLAKENEY *v.* STATE.

Jan. 19, 1953

No. 38587 16 Adv. S. 1 62 So. 2d 313

*T. J. Wills,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

HOLMES, J.

The appellant was indicted, tried, and convicted in the Circuit Court of Scott County for obtaining property under false pretenses, to-wit: A truck load of cattle consisting of some eighteen to twenty head, and sentenced to imprisonment in the state penitentiary for a term of two years. The indictment was returned at the February, 1952 term of the court, charging the offense to have been committed on the —— day of December, 1947. The evidence on the issue of appellant's guilt or innocence was conflicting. The evidence on behalf of the state, which the jury were warranted in accepting, and which they manifestly accepted, is substantially as follows:

The firm of Bishop and Tadlock were engaged in the cattle business in Forest, Mississippi, and in the course of their business conducted weekly auction sales of cattle. At an auction sale conducted by the firm on the 15th Day of December, 1947, the appellant purchased cattle, for which he agreed to pay $1,393.74. Purchasers of cattle at such sales were required before obtaining the possession of the cattle to pay for same at the office and obtain a receipted statement therefor, which statement when issued to a purchaser entitled him to the possession of the cattle. On the occasion in question, the appellant, after purchasing the cattle at the auction sale, appeared at the office of the firm and issued his check on the Bank of Raleigh for $1,393.74 in payment of the cattle which he had purchased, and ob-

tained a receipted statement therefor, on the faith of which, the cattle were delivered to him. The check was promptly presented through banking channels for payment and was dishonored because of insufficient funds. The appellant admitted that he had in the bank insufficient funds to pay the check at the time of the issuance of the same, and the overwhelming proof shows that the appellant sold the cattle and converted the proceeds to his own use, and that the check was never paid.

 It is contended by the appellant that the trial court erred in overruling his demurrer to the indictment and overruling his motion to dismiss, based upon the grounds that the only offense of which he could be guilty under the evidence is a violation of Sec. 2153 of the Mississippi Code of 1942, commonly known as the bad check statute, and that such offense is not within the exception of offenses stated in Sec. 2437 of the Mississippi Code of 1942, which prescribes a two-year statute of limitations with respect to certain offenses. It is not necessary for us to decide whether or not the two-year statute of limitations prescribed by said Sec. 2437 applies to violations of our bad check statute, since it is clear that the indictment of appellant was drawn under Sec. 2149 of the Mississippi Code of 1942, which is the general statute defining the offense of obtaining property under false pretenses and such offense is expressly excepted from said Sec. 2437 of the Mississippi Code of 1942. We are of the opinion, therefore, that this contention of the appellant is untenable.

It is further contended by the appellant that the court erred in refusing his request for a peremptory instruction. In our opinion, the state's proof is ample to sustain the charge of obtaining property under false pretenses. While it is true that this state has in force a bad check statute, and that prosecutions may be lodged thereunder, the giving of a bad check may under certain circumstances constitute the offense of obtaining prop-

erty under false pretenses. In 35 C.J.S., pages 656-657, it is provided: "According to most authorities ██ the giving of a worthless check or draft, or a check or draft which the accused has no reason to suppose will be honored, is a false pretense, even though no verbal misrepresentation is made as to the instrument, the giving of such check or draft being itself a representation, symbol, or token that the accused has money or credit with the drawee to the amount of its face value." This is also set forth as the majority view in 22 Am. Jur., page 474.

 The proof on behalf of the state was ample to support the verdict of the jury and we find no error, therefore, in the action of the trial court in refusing appellant's request for a peremptory instruction.

It follows that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle,* and *Arrington, JJ.,* concur.