ETHRIDGE, Chief Justice:
D. D. Edwards, appellant, was convicted in the Circuit Court of Attala County of alleged violation of the “bad check” law, and was sentenced to three years in the state penitentiary. Miss.Code 1942 Ann. § 2153 (Supp.1966). The statute provides in part:
If any person, with intent to defraud, shall make, issue and deliver to another person, for value, any check, draft or order on any bank or other depository and thereby obtain from such other person any money, goods or other property of value, and have no funds or have insufficient funds on deposit to his credit in such bank or depository with which such check, draft or order and all other checks, drafts or orders upon such funds then outstanding may be paid, or who, after having made, issued, uttered or delivered any such check, draft or order for the payment of money upon any bank or other depository, shall with intent to defraud withdraw or cause to be withdrawn, the money or any part thereof, to the credit of the maker of such draft, check or other order for the payment of money without leaving with such bank or other depository a sufficient sum to cover such check, draft or other order for the payment of money and all other checks, drafts or orders upon such funds then outstanding, and same shall not be paid by such bank or depository on presentation, he shall be guilty of a misdemeanor, or a felony, as is hereafter specified, and, upon conviction thereof, shall be punished as is hereafter provided.
In short, section 2153 establishes two separate means or methods of defrauding a person by use of a bad check: (1) Obtaining from another person money or property, when the person has no funds or insufficient funds on deposit in the bank “with which such check * * * upon such which such check * * * upon such funds then outstanding may be paid”; (2) or after having made a check, withdrawing or *16 causing to be withdrawn money to the credit of the maker without leaving in the drawee bank a sufficient sum to cover it.
The indictment charged only the first means of committing the offense, as follows:
* * * that D. D. Edwards late of the County aforesaid, on the 5th day of September in the year of our Lord, 1967, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully, feloniously, fraudulently and with the intent to defraud, make, issue and deliver to Bernice Pearson, D/B/A Pearson’s Used Parts, in payment for truck parts and labor supplied and performed by the said Bernice Pearson a check as follows:
FIRST NATIONAL BANK of CANTON, MISSISSIPPI, 12/15 1962 No.-
Pay to the order of Pearson’s Used parts $116.50 One Hundred Sixteen & 50/100_-_Dollars
D. D. Edwards
at a time when the said D. D Edwards well knew that he did not have sufficient funds in said Bank with which said check could be paid and did thereby obtain of and from Bernice Pearson parts and labor of the value of $116.50 in money, * * *.
The State’s evidence fails to support the charge in the indictment. On the contrary, it reflects affirmatively that, at the time the check was issued, Edwards had sufficient funds in his bank account to pay it. Therefore the judgment of the circuit court must be reversed. See Black v. State, 199 Miss. 147, 24 So.2d 117 (1945); 32 Am.Jur.2d False Pretenses §§ 73-81 (1967); 35 C.J.S. False Pretenses § 21 (1960).
The defendant made no request for a peremptory instruction. If he had done so, it would probably have been granted, since that would have been proper. However, because there was no evidence to support a conviction of the crime charged, that point may be raised for the first time on appeal. Ruffin v. State, 203 Miss. 1, 32 So.2d 882 (1947). Although it may be raised here for the first time, a discharge will not be granted by this Court when the defendant did not request a peremptory instruction in the trial court. Accordingly, the case is remanded in order that “he may be required to do there what he ought to have done, if he is to be finally discharged.” Ruffin v. State, supra.
For some unexplained reason, Edwards was not indicted for the alleged offense until almost five years after it had occurred. Since he did not raise in the trial court the question of the applicability vel non of the two-year statute of limitations on prosecutions, we do not consider that issue on this appeal. Miss.Code 1942 Ann. § 2437 (1956); see Blakeney v. State, 216 Miss. 211, 62 So.2d 313 (1953).
Reversed and remanded.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.