JOHN, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 78–596–CR.  Submitted on briefs January 23, 1979.—
Decided March 7, 1979.*
(Also reported in 278 N.W.2d 235.)

† Petition to review granted.

For the plaintiff-in-error, the cause was submitted on the briefs of *Richard L. Cates,* acting state public defender, with whom on the brief was *Mark Lukoff,* first assistant state public defender.

For the defendant-in-error, the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with whom on the briefs was *Kirbie Knutson,* assistant attorney general.

Before Decker, C.J., Cannon, P.J., and Robert W. Hansen, Reserve Judge.

DECKER, C.J.   Barbara John (defendant) was convicted of welfare fraud in violation of sec. 49.12(1) and (9), Stats.,[1] on May 25, 1978.

Evidence adduced at trial established that in March, 1969, the defendant applied for Aid to Families with Dependent Children (AFDC); the AFDC application which she filed stated that four children, including a daughter, Maria, resided in the household; AFDC benefits were granted on the basis of the information contained in that application; the representations regarding the number of dependent children residing in the household were reaffirmed in biannual application review forms, which were signed by the defendant and filed with the Department of Public Welfare between 1970 and 1977;

---

[1] Sec. 49.12(1) provides:

(1) Any person who, with intent to secure public assistance under ch. 49, whether for himself or for some other person, wilfully makes any false representations may, if the value of such assistance so secured does not exceed $100, be imprisoned not more than 6 months, if the value of such assistance exceeds $100 but does not exceed $500, be imprisoned not more than one year, if the value of such assistance exceeds $500, be imprisoned not more than 5 years, and if the value of such assistance exceeds $2,500 (be punished as prescribed under s. 943.20(3)(c).

Sec. 49.12(9) provides:

(9) If any person obtains for himself, or any other person or dependents or both, assistance under this chapter on the basis of facts stated to the authorities charged with the responsibility of furnishing assistance and fails to notify said authorities within 10 days of any change in the facts as originally stated and continues to receive assistance based on the originally stated facts such failure to notify shall be considered a fraud and the penalties in sub. (1) shall apply. The negotiation of a check received in payment of such assistance by the recipient after any change in such facts which would render him ineligible for such assistance shall be prima facie evidence of fraud in any such case.

and Maria was not residing in the defendant's household from sometime in 1970 through the date of trial.[2]

On appeal, the defendant does not challenge the sufficiency of the evidence to support the conviction. The only challenge asserted is that the trial court lacked personal jurisdiction over the defendant because the statute of limitations had run on the crime charged. Motions to dismiss the criminal complaint on that basis were denied at the preliminary hearing and prior to the taking of testimony.

The complaint in the present proceeding charged the defendant with a felony. Section 939.74(1), Stats., requires that prosecution for a felony "be commenced within 6 years." The defendant contends on this appeal: (1) the complaint and information alleged that Maria stopped living with her mother sometime during 1970; (2) when this change in the circumstances as originally stated occurred, the defendant was under a duty to notify the Department of Public Welfare within ten days; (3) upon expiration of the ten-day period, the violation of sec. 49.12(1) and (9) had occurred; (4) any prosecution commenced in 1978[3] necessarily was commenced more than six years after the felony was committed.

In Wisconsin, a court lacks personal jurisdiction to try a defendant against whom a prosecution has been commenced subsequent to the running of the statute of limitations. *State v. Pohlhammer*, 78 Wis.2d 516, 523,

---

[2] The information alleged that the change in the circumstances originally stated occurred sometime during 1970. The trial court found, after hearing the evidence, that the child stopped living in the defendant's residence on April 1, 1972. The trial court found the child was living with her grandmother and father at various times during this seven-year period.

[3] The criminal complaint and information were filed in March, 1978.

254 N.W.2d 478 (1977). Statutes of limitations normally begin to run when the crime is complete. *Pendergast v. United States,* 317 U.S. 412, 418 (1943).

It may be said that the defendant's crime was "complete" in 1970.[4] According to the allegations of the complaint and information, the change of circumstances was complete during that year and the defendant thereafter intentionally failed to report the change while continuing to accept public assistance on the basis of statements in the original application which were no longer true. However, the statute of limitations will not begin to run upon "completion of the crime" when the "continuing offense doctrine"[5] is applicable. Under this doctrine, although the offense was "complete" in 1970, the offense continued each day the defendant failed to report the changed circumstances and continued to accept aid based upon the prior circumstances.

As a general rule, statutes of limitation should be "liberally construed in favor of repose." *United States v. Habig,* 390 U.S. 222, 227 (1968). A particular offense should be construed to be a continuing one, however, when (1) the explicit language of the substantive criminal statute compels such a conclusion; or (2) the nature of the crime involved is such that the legislature must assuredly have intended that it be treated as a continuing one.[6]

This court concludes that under either of the tests enumerated by the court in *Toussie,* sec. 49.12(1) and (9) must be construed to constitute a continuing offense.

In *United States v. Cores,* 356 U.S. 405, 408 (1958), the United States Supreme Court held that a section of the Immigration and Nationality Act, prohibiting an alien

---

[4] *Toussie v. United States,* 397 U.S. 112, 114 (1970).

[5] *Id.* at 115.

[6] *Id.*

crewman from willfully remaining in the United States in excess of twenty-nine days allowed by a conditional landing permit, defined a continuing offense. The Court stated: "The conduct proscribed is the affirmative act of willfully remaining and the crucial word 'remains' permits no connotation other than continuing presence." The Court went on to state: "It is true that remaining at the instant of expiration satisfies the definition of the crime, but it does not exhaust it." *Cores, supra,* at 409.

We have noted that the statutory elements of the crime for which the defendant was convicted were present in 1970 upon expiration of the ten-day notice period. The crime was not exhausted, nor did the crime achieve finality[7] in 1970. A person violates sec. 49.12(1) and (9), Stats., when he or she "continues to receive assistance based on the originally stated facts" when those facts have changed and the recipient intentionally fails to report the change. This is the conduct proscribed and we conclude the language requires our holding that the offense "achieves no finality" until receipt of the aid is discontinued or the change of circumstance is reported.

This conclusion is reinforced upon application of the second test suggested in *Toussie.* The legislature recognized that the amount of public funds misused by a recipient who violated the provisions of sec. 49.12(1) and (9) would grow as the violation continued. Consequently, increasingly severe sentences were provided as the amount of funds misused grew. The gradations of sentences based upon the amount of funds misused by a recipient indicate that the legislature "must assuredly have intended that the offense be treated as a continuing one."

It seems incongruous to this court to assert that the state is left without resort to criminal sanctions against

---

[7] *Cores, supra,* at 409.

a recipient who successfully conceals his continuing fraudulent receipt of public assistance funds for six years and ten days after the fraud was first perpetrated. The statute was intended to proscribe such conduct and our decision today effectuates that intent.

*By the Court.*—Judgment affirmed.