■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WRIGHT, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 30, 1984, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

As a result of a tip from a realtor who was involved in the sale of the subject premises, State Police Investigator John Hendricks flew over, in a helicopter, certain real property located on Campbell Hill Road outside of the Town of Chemung, Chemung County, in a police helicopter on September 23, 1983. From the air Hendricks observed what appeared to be a cultivated plot containing 50 to 75 large marihuana plants, estimated to be between 4 and 5 feet tall, growing on that property. Based on this viewing Hendricks obtained a search warrant for the premises. Upon execution of the warrant later that day, the police found freshly harvested marihuana tied with a rope and other piles of cut marihuana not tied together. In addition, the State Police located several bales of promix, a portion of a bag of lime, 2,000 feet of garden hose and about 1,000 empty planting pots on the property.

The seized items, including the marihuana, were taken to the State Police substation in the Town of Horseheads, Chemung County. The marihuana, which was found to weigh 900 pounds, was secured by locking it in the substation's garage by Investigator Stewart Field. Subsequently, on September 27, Field took a 20-pound random sampling of the marihuana leaves to a State Police crime laboratory where it was chemically found to contain marihuana. Later, the People were granted permission to destroy the seized marihuana except for the portion that had been tested. This portion was preserved.

Defendant was ultimately charged with and convicted of criminal possession of marihuana in the first degree. At trial there was testimony that the real property was purchased in a very short time and without any negotiations as to price. Testimony was received that the marihuana plants found on the property were 17 weeks old despite the fact that only 10½ weeks had passed between the sale and the execution of the search warrant. Defendant was sentenced to a conditional discharge of three years, including 90 days in the county jail and a $4,000 fine. Defendant's motion to set aside the verdict for, among other things, insufficient evidence was denied. This appeal ensued.

There should be an affirmance. Defendant's prime contention, that County Court erred in allowing testimony concerning chemical testing of the marihuana on the ground that the chain of custody was broken when the marihuana plants were stored in the State Police garage at Horseheads for 2½ days, is without merit.

The failure to establish a chain of custody may be excused where the circumstances provide reasonable assurances of identity and unaltered condition (see, Amaro v City of New York, 40 NY2d 30, 35). Authenticity requires reasonable assurances of identity and unaltered condition (see, People v Porter, 46 AD2d 307, 311). In the case at bar, the harvested marihuana plants were placed in a pile in a locked three-car garage at the State Police substation in Horseheads by Investigator Field on September 23, 1983. Field took the randomly selected leaves from this pile to the State Police chemist for analysis on September 27, 1983. Field testified that the police sergeant had keys to the garage and that he did not know if there had been any other people in the garage between September 23 and September 27, 1983. However, there was evidence that no other marihuana was then stored in the garage and that no other marihuana was brought to the substation during that period. Field also identified a picture of

the original pile of marihuana in the garage as the pile from which he took the samples for chemical testing.

Thus, the record contains circumstances which provide reasonable assurances of the identity and unaltered condition of the analyzed vegetation. There is no evidence that the vegetation was tampered with or switched while it was in the garage. The leaves may well have appeared freshly cut since Field drove directly from the garage to the chemist. The pile of marihuana consisted of stalks ranging from 5 to 7 feet in height. Marihuana is a contraband crop, readily recognizable, and it is highly unlikely that quantities similar in size and contour to the seized vegetation would be available for substitution as defendant suggests.

We have considered defendant's other allegations of error and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.