(December 6, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMER J. WILSON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered May 15, 1987, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant challenges his conviction for manslaughter in the second degree arising out of an altercation occurring on March 8, 1986 at a bar between defendant and Richard Banks during which Banks was cut in the neck, from which injury and other complicating factors he ultimately died.

Previous to the fatal encounter, Banks and defendant were involved in a struggle in the men's room of the bar. Banks attacked defendant, forced defendant to the floor and held him in a stranglehold. Several witnesses indicated that Banks expressed threats to defendant's person that evening. Defendant expressed alarm at Banks' intentions. At 12:30 A.M. defendant left the premises followed almost immediately by Banks.

The altercation between them outside the bar went unwitnessed by the bar patrons. Defendant contended that Banks chased him, punched him in the head and threatened him and his family before defendant took refuge from Banks on top of a snow bank. Banks returned to the bar and defendant also returned to call the police. The two met in the entrance hallway of the bar where another altercation occurred during which Banks was cut in the neck by a knife. Defendant claims he pulled the knife out of Banks' neck and threw it out into the parking lot. A bloodied knife was recovered from the lot by police several hours later. No proof was produced as to the ownership of the knife. Banks' jugular veins and carotid arteries were cut. Defendant contended that Banks had the knife and had cut defendant in the chin with it and that, in defending himself, Banks was somehow cut in the neck during the struggle.

A 12-year-old passerby, James Colon, testified at defendant's trial that he saw a struggle on the staircase of the bar between two people. Banks was leaning over a retaining wall and the other individual (wearing a cowboy hat) appeared to hover over him and then made a downward motion with his arm toward Banks' neck. Defendant was identified as wearing a cowboy hat that night. After the downward arm motion, defendant walked swiftly to his car. Colon approached the stairs and recognized Banks lying on the steps.

Defendant was subsequently indicted on one count of manslaughter in the first degree and one count of criminal possession of a weapon in the fourth degree. He was convicted of the lesser included offense of manslaughter in the second degree and was sentenced to a term of imprisonment of 1 to 3 years. Prior to sentencing, defendant brought on a motion pursuant to CPL 330.30 (3) for a new trial based on newly discovered evidence, which was denied. This appeal followed.

Defendant contends that reversible error was committed based on a variety of alleged trial errors. He contends that the admission of photographs of the outside of the bar was without proper foundation. We disagree. The owner of the bar, Peter Pekny, supplied the foundation for their admission. He testified that the photographs were a fair and accurate representation of the scene as he viewed it on the night in question. Additionally, defendant contends that several of the photographs depicting the bloodied scene, the bloodied knife and Banks' neck wound were inflammatory and prejudicial and had no probative value. He argues that medical evidence was sufficient to establish the cause of death and that the photo-

graphs were meant to inflame the jury. We disagree. The photographs were instructive on the position of the body during the altercation, the extent of fatal injuries and their cause. The People were not constrained to rely on only medical evidence for the cause of death *(see, People v Stevens,* 76 NY2d 833). We find the admission of the photographs appropriate in that they clarified certain other evidence and corroborated or disproved other evidence offered *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905).

Defendant's objection to the admission of photographs of his car with what appeared to be blood spatters is also without merit. Investigator Joseph Cevini's identification of the photographs as being taken by him and as accurately representing the interior of the vehicle on the day he viewed it, March 12, 1986, was adequate foundation for its admission.

Defendant objects to the admission of testimony with respect to results of the nature of the stains found in his vehicle because of the failure of the People to establish a detailed chain of custody from their taking until they were tested. However, the testimony offered by the People provided reasonable assurance of the identity and unaltered condition of the blood samples *(see, People v Wright,* 133 AD2d 495, *lv denied* 70 NY2d 961), and, as such, they were admissible. In any event, admission of the blood samples was harmless. Trial evidence indicated massive bleeding by Banks and it was reasonable to infer that defendant, who was in close proximity to Banks during the fatal struggle, was bloodied and the blood in his car must have come from Banks.

Defendant next contends that no proper foundation was laid for admission of the knife found in the bar's parking lot a few hours after the event in that there was no connection established between the knife and defendant or Banks. Although it was never proven who had originally possessed the knife that evening and whether the knife admitted in evidence had Banks' blood on it, other evidence supplied the connection. The physical evidence at the scene and medical testimony indicated that Banks had been cut by a knife. The testimony of witnesses indicated that the wound was inflicted during the altercation. Colon testified that defendant was seen making a thrusting motion to the area of Banks' neck, and defendant himself testified that he pulled a knife out of Banks' neck and threw it into the parking lot. We thus conclude that the admission of the knife into evidence was entirely proper.

Defendant's contentions of improper conduct by the District

Attorney so as to vitiate the trial are not supported by the record. We find likewise that defendant's contention that he was deprived of a fair trial by County Court's comments and rulings is without merit. Defendant challenges the court's charge on a number of grounds. We find that the court's denial of defendant's specific requests to charge did not constitute an abuse of discretion. Defendant raises for the first time on appeal the contention that County Court erred in submitting as a lesser included offense the second degree manslaughter charge. Defendant failed to challenge such instruction and any error in that regard is deemed waived (CPL 300.50 [1]; *see, People v Green,* 56 NY2d 427, 430). In any event, if we were to reach the merits, we would find defendant's argument without merit. We find that the charge as a whole was an adequate statement of the law. The court set out all relevant fundamental principles applicable to the case.

Finally, County Court properly denied defendant's motion to grant a new trial based on newly discovered evidence. Defendant offered the affidavit of Joseph Watson and his testimony in support thereof. Watson stated that he saw defendant and Banks struggling with each other and that defendant said during the struggle "Oh, geez, you pulled a knife on me. You shouldn't have done that, you are in trouble now. You pulled a knife on me." Watson also stated that another witness saw everything and could support this scenario. The court denied defendant's motion finding that the evidence would not have changed the verdict. We find that the court did not abuse its discretion in denying the motion in that defendant's evidence did not comport with the requirements set out in CPL 330.30 (3). Although the evidence indicated who possessed the knife initially, it appears that defendant willingly continued the fight instead of retreating and thus the defense of justification would not be helpful to him in any event. Also, the testimony of Watson was known to exist before the trial as defendant knew of Watson's existence and did not exercise due diligence in finding him.

We decline to address the other contentions raised by defendant and find them to be without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.