607 So.2d 1153 (1992)
Willie Ray CONERLY
v.
STATE of Mississippi.
No. 91-KP-0341.
Supreme Court of Mississippi.
August 26, 1992.
*1154 Willie Ray Conerly, pro se.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION

A.
The questions presented in today's appeal are (1) whether the statute of limitations pertaining to criminal prosecutions is jurisdictional and hence cannot be waived by a guilty plea and, (2) if not jurisdictional, whether the statute of limitations is waived by a voluntary plea of guilty from a counseled defendant. This Court holds the statute of limitations in a criminal case is an affirmative defense, nonjurisdictional in character and waivable. Therefore Conerly, by his voluntary plea of guilty to aggravated assault, waived his right to this defense and forfeited his right to raise the matter in a collateral and post-conviction proceeding.

B.
Willie Ray Conerly, a state prisoner presently incarcerated in the Mississippi State Penitentiary at Parchman, has filed a direct appeal from an order issued on December 14, 1990, by the Circuit Court of Pearl River County summarily dismissing his motion for post-conviction relief.
The specific target of Conerly's post-conviction motion to vacate is his guilty plea to aggravated assault entered on July 31, 1989. The defendant has another conviction for armed robbery which was to run consecutively. Conerly seeks vacation of his plea and the sentence imposed or, in the alternative, an evidentiary hearing at which he will be given an opportunity to prove his claims.
Although Conerly presents eight (8) separate issues in his appellate brief filed in this Court, only two of them were presented to the trial court in his "Motion To Vacate and Set Aside Conviction and Sentence." Of these two issues, only one merits discussion here, namely: Did the two year statute of limitations bar the State of Mississippi from mounting a separate and subsequent prosecution for aggravated assault to which Conerly, with the assistance of two lawyers, agreed to plead guilty?

C.
This case has a rather lengthy history. On March 24, 1986, Conerly was indicted by a Pearl River County Grand Jury for the armed robbery of a Picayune convenience store committed on the 18th day of August, 1985. During the course of the robbery, Conerly held two employees at gun point and obtained over $300.00 in cash. The indictment alleged that Conerly took the money by putting the two employees in fear of some immediate injury to their person by the exhibition of a handgun. A mistrial was declared on August 21, 1986, when the jury was unable to unanimously agree upon a verdict.
Following a retrial which began on January 27, 1987, the jury returned a verdict of guilty of armed robbery and fixed Conerly's sentence at life imprisonment. By virtue of our probation and parole laws, Conerly would not be eligible for parole or supervised release within the first ten (10) years of his incarceration. Miss. Code Ann. § 47-7-3(1)(d). Conerly appealed to this Court, and on May 10, 1989, this Court reversed his conviction and sentence because of a violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Conerly v. State, 544 So.2d 1370 (Miss. 1989).
On July 24, 1989, the circuit judge appointed two lawyers to represent Conerly. The defense attorneys gained a plea bargain for Conerly to enter guilty pleas to separate charges of simple robbery (as opposed to robbery by the exhibition of a deadly weapon) and aggravated assault. The original indictment for armed robbery would be ordered nolle prosequi. This sentence to simply robbery does not require serving a "flat term" of ten years. *1155 Such would eliminate any parole implications.
On July 31, 1989, Conerly, represented by his two attorneys, executed a sworn statement waiving indictment. That same day, July 31, 1989, a two count criminal information was executed and filed by the State of Mississippi.
Count One (robbery) of the information charged that Conerly, in violation of Miss. Code Ann. § 97-3-73, as amended, "did wilfully, feloniously and violently rob, take, steal and carry away" from the person of two convenience store employees the sum of $300.00 against the will of the two store employees "by threat of violence to their person."
Count Two (aggravated assault) of the information charged that "immediately [after] the events which took place in Count 1" Conerly, in violation of Miss. Code Ann. § 97-3-7(2)(a), as amended, committed an aggravated assault against the two employees "... by putting [them] in fear of some immediate injury to their person by the exhibition of a certain deadly weapon, to-wit: a handgun, and thereby did attempt to cause serious bodily injury purposely, knowingly and recklessly under circumstances manifesting extreme indifference to the value of human life ..."
A "Petition To Enter Plea of Guilty" to simple robbery and aggravated assault was also executed by Conerly on July 31, 1989. A certificate of counsel signed by both of Conerly's lawyers reflects in paragraph 4 that "[t]he plea of `guilty' offered by the defendant in this Petition accords with my understanding of the facts he related to me and is consistent with my advice to the Defendant."
That same day, July 31st, a plea-qualification hearing was conducted before the circuit judge who made certain that Conerly was fully aware of the charges lodged against him in the criminal information and fully aware of both the minimum and maximum punishment therefor. Conerly, who was thirty-two (32) years of age and a high school graduate, was given an opportunity to review the information personally, and he did so.
Relevant colloquy ensuing during the plea-qualification hearing is quoted as follows:
Q. [BY THE COURT]: Okay. Now, Willie, you also understand that on the case that we're discussing, the 5809, that that case would have been ready to be set again for trial. And it's my understanding that you and your attorneys and the State agreed to file this Criminal Information which changes the charge from Armed Robbery, which allegedly was done with a firearm, which could have resulted in some sentence where the first ten years would make you ineligible for parole, to just regular Robbery, which will not have the parole restriction in it, and to Aggravated Assault. And that you waived having this case presented to a Grand Jury and letting the Grand Jury indict you; is that correct?
A. Yes, sir.
Q. And you agreed for them to file this Criminal Information; is that correct?

A. Yes, sir. (emphasis supplied)
The plea-qualification transcript contains the usual acknowledgement by the defendant that he was fully and completely satisfied with the services that his lawyers had provided him. After acknowledging that the facts alleged in Counts One and Two of the information really did happen, Conerly entered his pleas of guilty to the charges contained in both counts.
On August 4, 1989, following a presentence investigation, the lower court sentenced Conerly to serve consecutive sentences of ten (10) years for simple robbery charged in Count One and ten (10) years for aggravated assault charged in Count Two. An order of nolle prosequi was entered for armed robbery the same day.
On May 21, 1990, Conerly filed his "Motion To Vacate and Set Aside Conviction and Sentence" in which he moved to vacate, inter alia, his guilty plea to aggravated assault on the ground of the two year time bar imposed by the statute of limitations. The circuit judge issued a six (6) page order *1156 dismissing the motion on December 14, 1990.

II. ANALYSIS
Conerly claims he was improperly convicted of aggravated assault because prosecution did not commence until July 31, 1989, when he was charged with that offense for the first time in a criminal information.
Miss. Code Ann. § 99-1-5 provides, inter alia, that "[a] person shall not be prosecuted for any offense [certain offenses excepted] unless the prosecution for such offense be commenced within two years next after the commission thereof, ..." [emphasis supplied] Since the crime of aggravated assault is not one of the statutory exceptions, a prosecution for that offense is barred if it is not commenced within two years next after the commission thereof.
The crime in this case took place on August 18, 1985. Conerly was indicted for armed robbery on March 24, 1986. Following a mistrial that occurred on August 21, 1986, Conerly was retried and convicted of armed robbery on January 27, 1987. This Court reversed that conviction on May 10, 1989. Conerly's waiver of indictment, the filing of the criminal information charging him with simple robbery and aggravated assault, and Conerly's pleas of guilty to those crimes all took place on July 31, 1989.
The trial judge found "... the defendant agreed to the filing of the criminal information and since the statute of limitations is an affirmative defense which must be raised by the defendant, the Court finds that the defendant did in fact waive the statute of limitations as to being charged with aggravated assault and did agree and concur in the state so charging the defendant ..." The State argues that Conerly waived and forfeited his right to assert the statute of limitations as a defense when he failed to assert it in the lower court and thereafter entered a voluntary and counseled plea of guilty to the charge. This Court concurs.
Generally speaking, "[a] valid guilty plea ... admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment [or information] against a defendant." Brooks v. State, 573 So.2d 1350, 1352 (Miss. 1990).
"Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. Id. This Court has recently included in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin. Anderson v. State, 577 So.2d 390, 391-92 (Miss. 1991).
The statute of limitations in civil cases is an affirmative defense which is deemed waived if not timely asserted. See Rule 8(c), Miss.R.Civ.P. (1982), as amended; Thompson v. State, 54 Miss. 740, 743 (1877) ["(I)n civil suits ... the Statute of Limitations must be pleaded; and, if not specially pleaded, it is held to be waived."
Mississippi has not directly addressed whether the statute of limitation defense in a criminal case is jurisdictional and when, if at all, it may be waived. Therefore, decisions from other states may provide guidance to this Court. Some states hold that a voluntary plea of guilty by a counseled defendant operates as a waiver of the defense of statute of limitations which is not jurisdictional, but in the nature of an affirmative defense that must be timely asserted. See People v. Allen, 192 Mich. App. 592, 481 N.W.2d 800 (1992); State v. Cole, 452 N.W.2d 620 (Iowa App. 1989); State v. Johnson, 422 N.W.2d 14 (Minn.App. 1988); State v. Brown, 43 Ohio App.3d 39, 539 N.E.2d 1159 (1988); State v. Littlejohn, 199 Conn. 631, 508 A.2d 1376 (1986).
Generally speaking, these cases recognize that the purpose of a criminal statute of limitations, much like the purpose behind the right to a speedy trial, is to avoid the *1157 bringing of stale criminal charges. Statutes of limitations "are intended to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial." United States v. Levine, 658 F.2d 113, 127 (3rd Cir.1981). See also Campbell v. State, 309 So.2d 172, 174 (Miss. 1975) ["State's general two-year statute of limitations ... sets limits on stale prosecutions."]. According to these cases, this purpose is related to determining fairly the factual guilt of a defendant and not with the ability of the State to bring charges against the defendant. Accordingly, it is said that a voluntary and counseled guilty plea waives one's right to assert a statute of limitation defense.
There is ample authority, however, for an opposite viewpoint. In 22 C.J.S. Criminal Law § 196 at 240-41 (1989), we find the following:
Protection from prosecution under a statute of limitations is a substantive right. Under some, but not all, authorities, the limitation so fixed is jurisdictional, and the time within which the offense is committed is a jurisdictional fact, it being necessary that the indictment or information be actually filed within the time prescribed. Under such statutes a substantive statute of limitation question is properly raised at any time.
... .

Even if a conviction is based on a guilty plea, it is subject to attack if the charge was originally barred by the applicable limitation period. (emphasis supplied)
Several state courts have treated the statute of limitations in a criminal case as jurisdictional and thus nonwaivable. State v. Stillwell, 175 N.J. Super. 244, 418 A.2d 267 (1980); John v. State, 89 Wis.2d 214, 278 N.W.2d 235 (1979), aff'd, 96 Wis.2d 183, 291 N.W.2d 502 (1980); Duncan v. State, 282 Md. 385, 384 A.2d 456 (1978); State v. Fogel, 16 Ariz. App. 246, 492 P.2d 742 (1972); Cunningham v. District Court of Tulsa County, 432 P.2d 992 (Okla. Crim. App. 1967). These courts reason that the statute of limitations is a limitation upon the power of the sovereign to act against the accused and is to be interpreted in favor of repose in which case the State, after a period of time, is cut off from its right or cause of action.
The diversity among the states considering the question is illustrated by the states of New York and California.
In People v. Wright, 133 A.D.2d 495, 519 N.Y.S.2d 421 (1987), the Supreme Court of New York held that since the defendant failed to raise the statute of limitations as a defense, he waived or forfeited this challenge upon entry of his plea of guilty to attempted rape. "While not every claim is forfeited by a guilty plea, nonjurisdictional statutory rights which `confer on the defendant greater rights than the Constitution demands' are so forfeited." 519 N.Y.S.2d at 421.
On the other hand, the California court of appeals observed in People v. Superior Court (Jennings), 183 Cal. App.3d 636, 228 Cal. Rptr. 357, 361 (1986), that "[i]n criminal cases in California, the statute of limitations is a substantive rather than a procedural right; a conviction based on acts occurring outside the statutory period is invalid; even if such conviction is based on a guilty plea, it is subject to attack if the charge was originally barred by the applicable limitation period."
A majority of the federal circuit courts of appeal addressing the issue (2d, 3rd, 4th, 6th, 7th, 10th, and D.C. Circuits) have held that in criminal cases, statutes of limitation do not affect the subject matter jurisdiction of the courts but constitute an affirmative defense that will be considered waived if not raised in the trial court either prior to or during trial. United States v. Del Percio, 870 F.2d 1090 (6th Cir.1989); United States v. Karlin, 785 F.2d 90 (3rd Cir.1986), and the numerous cases cited in those decisions.
In Edwards v. State, 217 So.2d 14, 16 (Miss. 1968), an appeal from a conviction of violating the "bad check" law, this Court said:
For some unexplained reason, Edwards was not indicted for the alleged offense *1158 until almost five years after it had occurred. Since he did not raise in the trial court the question of the applicability vel non of the two-year statute of limitations on prosecutions, we do not consider that issue on this appeal. Miss.Code 1942 Ann. § 2437 (1956) see Blakeney v. State, 216 Miss. 211, 62 So.2d 313 (1953).
Edwards was reversed and remanded on the grounds of evidentiary insufficiency. It appears to stand for the proposition that if the statute of limitations, as a bar to prosecution, is not raised in the lower court, this Court will not consider the issue on direct appeal. Edwards favors a finding of nonjurisdiction, affirmative defense, and waiver. See also Thompson v. State, supra, 54 Miss. 740, 744 (1877) ["A (criminal) statute of limitations is never part of an offence, but always a matter of defence; * * *"]
In our opinion, the better rule is that the statute of limitations in a criminal case is not jurisdictional but is an affirmative defense that may be waived. This Court holds that where, as here, pursuant to an agreement whereby a substituted and amended information is filed which charges a new and different offense (aggravated assault), prosecution of which is on its face barred by the applicable statute of limitations, a voluntary plea of guilty by a counseled defendant operates to waive the statute of limitations and forfeit the defendant's right to raise the matter in a collateral proceeding.
Conerly raises other issues, none of which merit either discussion or reversal. Williams v. State, 595 So.2d 1299, 1310 (Miss. 1992); Turner v. State, 573 So.2d 1340, 1343 (Miss. 1990); Morea v. State, 329 So.2d 527 (Miss. 1976).
JUDGMENT OF TRIAL COURT OVERRULING AND DISMISSING MOTION TO SET ASIDE AND VACATE SENTENCE AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., ROBERTSON, PITTMAN and BANKS, JJ., concur.
HAWKINS, P.J., concurs with separate written opinion.
SULLIVAN and McRAE, JJ., dissent with separate written opinion.
HAWKINS, Presiding Justice, concurring:
I concur, and write only to respond to the dissent. The concern of the dissent was answered, at least in my view, in Jefferson v. State, 556 So.2d 1016, 1022 (Miss. 1989) (Hawkins, P.J., dissenting).
SULLIVAN, Justice, dissenting:
In my view those courts that treat the statute of limitations in a criminal case as jurisdictional and thus non-waivable are better reasoned than those that take the course Mississippi takes today.
I have two immediate problems with the conclusion of the majority that Willie Ray Conerly had only an affirmative defense which he waived by his voluntary plea of guilty.
Problem No. 1 is how voluntary was the plea when Conerly was not informed by anyone in the system that the statute of limitations had actually run on the crime to which he entered a guilty plea?
Problem No. 2 that troubles me is how any court can say that the failure of an attorney to advise his client that he is pleading guilty to a crime on which the statute of limitations has run is not ineffective assistance of counsel under any test imaginable?
For these reasons I respectfully dissent from the holding of the majority and would adopt the position that the statute of limitations is a limitation on the power of the sovereign to act against an individual and is to be interpreted in favor of repose, in which case the State after a period of time loses its right or cause of action.
McRAE, J., joins this dissent.