# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00011-SCT

*JOSEPH YORK*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/07/94 |
| TRIAL JUDGE: | HON. EUGENE BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON CO. CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY GORE |
| DISTRICT ATTORNEY | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

This case arises from the denial of post-conviction relief to Joseph York, who had previously pled guilty to the sale of cocaine. York alleges that he did not receive a speedy trial because of the delay from his commission of the crime until his indictment. However, the record reflects that York was indicted well within the two-year period of limitations prescribed by statute; therefore, York's argument on this point is without merit. *See* Miss. Code Ann. § 99-1-5 (Supp. 1996).

York also contends that his indictment was fatally insufficient. He alleges that the indictment did not comply with Mississippi Uniform Criminal Rule of Circuit Court Practice 2.05 and that the indictment did not comply with Article 6, § 169 of the Mississippi Constitution, which requires that the indictment "conclude against the peace and dignity of the state." The record reflects that the indictment does contain that phrase, followed by "A TRUE BILL," the signatures of the State's

Attorney and the Grand Jury Foreman, the filing and recording information, and the signature of the Circuit Clerk. York does not argue that the indictment fails to contain this phrase, rather he argues that the indictment fails to "conclude" with the phrase "against the peace and dignity of the State."

By failing to raise the sufficiency of the indictment at the trial level and failing to demur from the indictment as required by statute, and by entry of his guilty plea, York has waived these objections to the sufficiency of the indictment. *Brandau v. State*, 662 So. 2d 1051, 1053-54 (Miss. 1995); *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992); *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990); Miss. Code Ann. § 99-39-21 (Supp. 1996); Miss. Code Ann. § 99-7-21 (Supp. 1996). Therefore, the denial of York's motion for post-conviction relief is affirmed, *per curiam.*

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**