LEE, C.J., for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Jeffrey Yeatman pleaded guilty in the Oktibbeha County Circuit Court to simple assault of a law-enforcement officer. Yeatman also pleaded guilty to two counts of felony driving under the influence (DUI). In the sentencing order for his simple-assault conviction, Yeatman was ordered to serve five years in the custody of the Mississippi Department of Corrections, as well as pay a $5,000 fine in conjunction with one of the felony DUI counts.
¶ 2. Yeatman filed a motion for post-conviction relief, which was ultimately denied. Yeatman now appeals, asserting the following issues: (1) an amendment to his simple-assault indictment was illegal; (2) his sentence was illegal because the $5,000 fine exceeded the amount prescribed by statute; and (3) he was illegally sentenced as a habitual offender. Finding no merit, we affirm.
*1258 STANDARD OF REVIEW
¶ 3. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I.AMENDMENT TO INDICTMENT
¶ 4. In his first issue on appeal, Yeatman argues that his indictment was illegally amended. At some point prior to the guilty-plea hearing, the word “deputy” in the indictment was struck through and replaced with the words “law enforcement officer.” It is well settled that a valid guilty plea waives certain constitutional rights, including insufficiencies or defects in indictments. Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992). However, a guilty plea does not waive lack of subject-matter jurisdiction or the failure to charge an essential element of the crime. Id. Yeat-man’s argument does not concern either of these exceptions; thus, his argument is procedurally barred.
¶ 5. Regardless of the procedural bar, it is clear that during the plea colloquy Yeatman was aware that he was pleading guilty to simple assault upon a law-enforcement officer. Since the amendment did not “materially alter facts which are the essence of the offense,” the amendment was clearly one of form and not substance and, thus, did not violate Yeat-man’s due-process rights. Chandler v. State, 789 So.2d 109, 111 (¶4) (Miss.Ct. App.2001). This issue is without merit.
II. ILLEGAL SENTENCE
¶ 6. In his second issue on appeal, Yeatman argues that his sentence was illegal. Yeatman contends that the trial court ordered him to pay a $5,000 fine on the simple-assault conviction in violation of Mississippi Code Annotated section 97-3-7(1) (Supp.2010). Section 97-3-7 provides for a maximum fine of $1,000 if convicted of simple assault on a law-enforcement officer. The trial court’s statements during the plea colloquy are confusing and make it appear that Yeatman was ordered to pay a $5,000 fine on the simple-assault conviction. However, the sentencing order for the simple-assault conviction states that the $5,000 fine was ordered to be paid pursuant to Yeatman’s conviction on one of the felony DUI convictions. Since this particular DUI conviction was a third offense, the fine ordered was the maximum as prescribed by statute. See Miss.Code Ann. § 63 — 11—30(2)(c) (Supp.2010). This issue is without merit.
III. HABITUAL-OFFENDER STATUS
¶ 7. In his final issue on appeal, Yeatman argues that the indictment failed to charge him as a habitual offender. Pri- or to the plea colloquy, the State informed the trial court that it had reached a plea agreement with Yeatman, where Yeatman would plead guilty and, in return, he would be sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) rather than Mississippi Code Annotated section 99-19-83 (Rev.2007). Section 99-19-81 orders the maximum sentence for the charged felony, whereas section 99-19-83 orders a mandatory life sentence. At that point, the State moved to amend the indictment to include Yeat-man’s prior felony convictions. Yeatman *1259 did not object, and the indictment was amended.
¶ 8. Rule 7.09 of the Uniform Rules of Circuit and County Court states that indictments may “be amended to charge the defendant as [a] habitual offender ... only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” The record is clear that Yeatman was aware that he was being charged as a habitual offender and had no objection. This issue is without merit.
¶ 9. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.