# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00965-COA

CAROL DEARMAN A/K/A CAROL LEE
DEARMAN A/K/A CAROL L. DEARMAN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2016 |
| TRIAL JUDGE: | HON. JOHN H. EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CAROL L. DEARMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. On November 29, 2011, in the Madison County Circuit Court, Carol Dearman pled guilty to motor vehicle theft as a nonviolent habitual offender. *See* Miss. Code Ann. §§ 97-17-42 (Rev. 2014) & 99-19-81 (Rev. 2015). At Dearman's plea hearing, the assistant district attorney represented that Dearman took a gray Chevy Silverado from its owner at the Red Roof Inn in Ridgeland without the owner's permission. Dearman claimed that the owner loaned her the car, but she entered a valid "*Alford* plea," admitting under oath that the State could prove its case beyond a reasonable doubt and that it was more likely than not that a jury would convict her. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). The circuit court

accepted her plea as knowing and voluntary and sentenced her to ten years in the custody of the Mississippi Department of Corrections as a nonviolent habitual offender, said sentence to run concurrently to sentences previously imposed in Hinds County.

¶2. On September 12, 2016, Dearman filed a petition for an "Order to Amend Sentencing per MS Code Section 99-1-5." Dearman's petition alleged that her conviction should be set aside because her indictment was returned outside of the applicable two-year statute of limitations. The circuit court dismissed Dearman's petition, which it construed as a petition for post-conviction relief, because it was filed almost five years after Dearman pled guilty. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (a motion for post-conviction relief must be filed within three years after the entry of a judgment of conviction based on a guilty plea). The court also noted that the underlying statute of limitations issue was discussed on the record at Dearman's plea hearing. At her plea hearing, Dearman's attorney acknowledged that the prosecution was not barred by the statute of limitations because a warrant was issued for her arrest within about six weeks of the offense. *See* Miss. Code Ann. § 99-1-7 (Rev. 2015) ("A prosecution may be commenced, within the meaning of Section 99-1-5 by the issuance of a warrant . . . ."); *see also Conerly v. State*, 607 So. 2d 1153, 1158 (Miss. 1992) (holding that a valid guilty plea waives a statute of limitations defense).

¶3. The circuit court correctly ruled that Dearman's petition for post-conviction relief is time-barred and without merit.

¶4. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**