DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Scott County wherein the appellant, Willie Moore, was found guilty of escape. Moore was originally convicted of cattle theft on March 10, 1981. He was sentenced to serve a term of four years in the Mississippi State Penitentiary; however, due to overcrowding, Moore remained housed in the Scott County jail. On January 9, 1982, Moore was discovered missing. Moore was located and arrested on December 11, 1982. On October 5, 1983, Moore was indicted for the crime of escape and on October 10, 1983, he was convicted. At that time Moore was sentenced to serve an additional four years in the State Penitentiary for the crime of escape.
After Moore’s escape, his sentence was recomputed so that he was eligible to earn only 251 days of good time. Prior to the escape he had been eligible for a maximum of 654 days of good time. The recomputation of Moore’s good time was an administrative procedure authorized by § 47-5-139(5) Miss.Code Ann. (1972).
On the day of trial, appellant’s attorney made a motion to drop the charges on the grounds that the forfeiture of the earned time was punishment for the escape and that this prosecution was barred by the double jeopardy clause.' The trial court overruled this motion. Trial was then had and the proof was adequate to support Moore’s conviction of escape.
Moore’s first assignment of error is that the administrative proceeding under which he was required to forfeit his good time was a quasi-judicial act which punished him for his escape. Therefore, he argues, his subsequent trial for escape was barred by the double jeopardy clause in the Fifth Amendment to the United States Constitution.
In Segarra v. State, 430 So.2d 408 (Miss.1983) we held that it was not a violation of the double jeopardy clause to deny an inmate credit against her sentence for time spent on parole before a revocation of that parole.
In Pagliaro v. Cox, 143 F.2d 900 (Eighth Circuit 1944), Pagliaro received a seven year sentence and was placed in a local jail to await transportation to the penitentiary. While en route he escaped. He was not prosecuted for the escape but did forfeit his good time. The court held that the forfeiture of good time for the violation of a prison rule is merely an administrative procedure and is distinguished from the crime of escape.
The first issue must be determined against appellant. There is no double punishment. The two matters were entirely distinct and separate. The allowance of good time, until earned for the entire term (Estabrook v. King, 8 Cir., 119 F.2d 607, 609; Douglas v. King, 8 Cir., 110 F.2d 911, 913, 127 A.L.R. 1200; United States v. Nicholson, 4 Cir., 78 F.2d 468, 470, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405), is a privilege which is conditioned expressly by the statute, sec. 710, Title 18 U.S.C.A., allowing it upon a record of conduct *770 showing that he has faithfully observed all the rules and has not been subjected to punishment.” See Wipf v. King, 8 Cir., 131 F.2d 33, 34. The existence or the forfeiture of good time is in no sense dependent upon whether the misconduct also may be a criminal act. It would be a strange anomaly if a mere infraction of prison rules would be a basis for forfeiture while commission of a serious crime while in custody and in respect to such custody could not be. This would lead to an absurd result. United States v. Anderson, 8 Cir., 76 F.2d 375, 378.
143 F.2d at 901.
We are of the opinion that Moore’s first assignment of error is without merit. As the revocation of good time is an administrative proceeding we are of the opinion that Moore was not unconstitutionally subjected to double jeopardy by the combination of the revocation of his good time and prosecution for escape.
Moore’s second assignment of error is that he was sentenced under the wrong statute. Moore was convicted and sentenced in accordance with § 97-9-45 Miss. Code Ann. (1972). That section provides the maximum punishment of five years for escaping from the state penitentiary. Moore contends that he should have been sentenced in accordance with § 97-9-49 for escaping from the county jail. The maximum penalty under this section is two years. Section 97-9-49 was amended effective July 1, 1983 to provide for a five year penalty. The state concedes that Moore should have been sentenced under § 97-9-49, the statute providing for escape from a county jail, as opposed to § 97-9-45, the state relating to escape from the penitentiary.
Regardless of the fact that § 97-9-49 was amended to provide for penalties identical to those in § 97-9-45, we must recognize that that amendment occurred subsequent to the escape now in question. Relying on Allen v. State, 440 So.2d 544 (Miss.1983), we hold that Moore must be sentenced under the statute in effect at the time he committed the offense. We are therefore compelled to reverse Moore’s sentence and remand this case to the Circuit Court of Scott County for resentencing.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.