# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-KA-01164-SCT

*BUFORD KEITH CHRISTMAS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | MARCH 15, 1993 |
| TRIAL JUDGE: | HON. JAMES E. THOMAS |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES G. TUCKER, III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEWITT ALLRED, III |
| DISTRICT ATTORNEY: | HON. CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | 6/27/97 |
| MANDATE ISSUED: | 8/19/97 |

**BEFORE PRATHER, C.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Buford Keith Christmas was indicted at the July Term, 1992, in the Circuit Court of Hancock County, in Cause No. 7594, under Miss. Code Ann. § 97-5-23, for the crime of fondling. The date of the crime was listed in the indictment as June of 1989. The case went to trial on January 25, 1993, before the Honorable Kosta N. Vlahos, but the jury was unable to reach a verdict. Judge Vlahos entered an order of mistrial on January 26, 1993.

¶2. The case went to trial a second time on March 8, 1993, with the jury returning a verdict of guilty on March 9, 1993. On March 15, 1993, Honorable James E. Thomas, entered judgment and sentenced Christmas to a term of six years imprisonment. The post-trial motion for j.n.o.v./new trial was denied on June 4, 1993.

## STATEMENT OF THE FACTS

¶**3.** In May of 1989, Nicole Christenberry and her mother were at a snowball stand at the foot of State Street, which was a block away from their house in Bay St. Louis, Mississippi. Nicole noticed Buford Christmas standing behind them and "playing with his zipper and stuff," and she motioned for her mother "to turn around and look, and she saw him." When Nicole and her mother got into their car, Nicole told her mother that the guy they saw had been following her. When they got home they called the sheriff's office. Prior to this, Nicole had seen Christmas in her neighborhood on fifteen or twenty occasions.

¶4. In early June of 1989, Nicole walked from her house on First Street to get a snowball at the snowball stand at the end of the block, but the snowball stand was closed. On her way home, Christmas grabbed Nicole from behind, dragged her into a house, and began kissing and fondling her as she resisted. He said he would come after her, her parents, and grandmother if she told anyone about what had transpired. She kicked and screamed and eventually escaped after about five to seven minutes of struggling with him. At the time of this incident, Nicole was twelve years old.

¶5. In January of 1992, Nicole Christenberry told her parents and the Bay St. Louis Police for the first time about the incident that occurred in June of 1989. After watching an episode of a soap opera depicting a woman who had been raped but did not tell the police, Nicole finally told her parents about the incident involving Buford Christmas. Nicole's mother testified that after seeing this episode of the soap opera, Nicole went to dance class before telling of her experience. While at dance class, the instructor called Nicole's parents to inform them that Nicole was upset. Her father brought Nicole home, whereupon Nicole told of the incident with Christmas.

¶6. Lee Haden testified that his mother owned the house where Nicole alleged the crime took place. The house had been subdivided into apartments. Haden lived in one apartment, and Ernest Saucier lived in the other. Christmas testified that he and Saucier were somehow related. Haden had previously seen Christmas visiting at Saucier's, waiting on the porch, and riding in and driving Saucier's yellow convertible.

¶7. Christmas denied having any contact with the child. He acknowledged visiting Saucier several times, but denied driving Saucier's car. Christmas's mother and grandmother testified that he drove his father's Cadillac or his grandmother's Pontiac during that period.

¶8. Defense counsel at both trials urged that the defendant was entitled to an acquittal because the statute of limitations had expired. The motion was overruled both times. The trial court granted Instruction S-1 over the defendant's objection. Christmas pointed out that the State failed to require the jury to make a finding that the prosecution was begun within the two year statute of limitations.

¶9. Defense counsel alleges on appeal the prosecutor had a propensity to undermine the import of the phrase "beyond a reasonable doubt." First, he sought a ruling to prevent the prosecutor from saying that it simply boiled down to whether the jury believed the defendant or the State's witnesses. The judge overruled this request.

¶10. Through Instruction D-2 the defense counsel sought to inform the jury "that to be convinced beyond a reasonable doubt, you must be convinced with utmost certainty." This instruction was refused.

¶11. Buford Christmas was convicted and sentenced to serve six years imprisonment in the Mississippi Department of Corrections. Aggrieved, Christmas appeals to this Court raising the following issues:

**I. WHETHER PROSECUTION UNDER AN AMENDMENT TO THE STATUTE OF LIMITATIONS EXTENDING THE LIMITATION PERIOD IN EFFECT AT THE TIME OF THE CRIME IS AN EX POST FACTO VIOLATION.**

**II. WHETHER THE COURT ERRED BY ALLOWING THE PROSECUTION TO ARGUE THE CASE COULD BE DECIDED BY A LESSENED BURDEN OF PROOF.**

## DISCUSSION OF THE ISSUES

**I. WHETHER PROSECUTION UNDER AN AMENDMENT TO THE STATUTE OF LIMITATIONS EXTENDING THE LIMITATION PERIOD IN EFFECT AT THE TIME OF THE CRIME IS AN EX POST FACTO VIOLATION.**

¶**12.** The crime was committed in June of 1989. At the time the crime occurred, the applicable statute of limitations was two years under Miss. Code Ann. § 99-1-5[1], for the crime of fondling[2], Miss. Code Ann. § 97-5-23. On April 21, 1989, an act was approved by the legislature to take effect on July 1, 1989, amending Miss. Code Ann. § 99-1-5 to provide a seven-year period of limitations in which to commence a prosecution for the crime of fondling.[3]

¶13. During the first trial, Christmas raised the statute of limitations as a ground for his motion for directed verdict. This was denied by Judge Vlahos. At the second trial, Judge Thomas, treating the motion as a motion to dismiss, concurred in Judge Vlahos's earlier ruling and denied the renewed motion.

¶14. Christmas argues that his prosecution should have been time barred under the statute of limitations in effect at the time of the crime. He committed the crime in June of 1989. His prosecution did not commence until, at the earliest, January of 1992. This was more than the original two year limitation period.

¶15. Christmas contends that his prosecution under the revised seven year statute of limitations was a violation of the ex post facto clauses as proscribed in both the state and federal constitutions.[4] Christmas states there are four types of laws that are considered ex post facto. They are defined as follows:

1) Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action.

2) Every law that aggravates a crime, or makes it greater that it was when committed.

3) Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed.

4) Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense in order to convict the

offender.

*Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798).

¶16. He asserts that the fourth type is applicable to this case.

¶17. The State disagrees. As of July 1, 1989, the effective date of the amendment to Miss. Code Ann. § 99-1-5, prosecution for the crime, which took place in June of 1989, had not become time barred by the two-year statute of limitations then in effect. Therefore, according to the State, it could have prosecuted Christmas at any time within the newly established period.[5]

¶18. Had the lower court applied the statute of limitations in effect at the time the crime was committed, Christmas contends his prosecution, which began more than two years after the crime, would have been time barred. The State prosecuted Christmas within the amended statute of limitations. Christmas complains such retroactive application of a subsequently amended statute of limitations is a violation of the ex post facto clause. "It is axiomatic that statutes of limitations may not be made retroactive to the prejudice of a party." *Perkins v. State*, 487 So. 2d 791, 792 (Miss. 1986).

¶19. Although the prosecution of Buford Christmas was timely under the amended statute of limitations in Miss. Code Ann. § 99-1-5 (1985), the limitations period did not become effective until subsequent to the commission of the crime. There are two theories why the prosecution was not a violation of the ex post facto clauses. Each provide the Court with adequate authority to affirm the decision by the lower court.

### 1. Procedural v. Substantive

¶20. Where there is a state constitutional entitlement to some due process right, the State may not enact legislation to impede that right under ex post facto analysis. *Hill v. State*, 659 So. 2d 547, 551 (Miss. 1994) *citing* *Johnston v. State*, 618 So. 2d 90, 95 (Miss. 1993) (holding ex post facto prohibitions bar retroactive applications of statutory law unless the changes are "procedural and ameliorative."). In *Conerly v. State*, this Court analyzed criminal statutes of limitations and determined their purpose to be much like the purpose behind the right to a speedy trial, which is to avoid the bringing of stale criminal charges. *Conerly v. State*, 607 So. 2d 1153, 1157 (Miss. 1992). In its analysis, the Court reviewed 22 C.J.S. *Criminal Law* § 196 at 240-41 (1989), and found the following:

> Protection from prosecution under a statute of limitations is a substantive right. Under some, but not all, authorities, the limitation so fixed is jurisdictional, and the time within which the offense is committed is a jurisdictional fact, it being necessary that the indictment or information be actually filed within the time prescribed. Under such statutes a substantive statute of limitation question is properly raised at any time.

*Conerly*, 607 So. 2d at 1157.

¶21. The Court then looked at several state courts that have treated the statute of limitations in a criminal case as jurisdictional and nonwaivable. *Id.* (internal citations omitted). This Court determined the better rule to be that in a criminal case statutes of limitations are not jurisdictional, but

an affirmative defense that may be waived. *Id.*

¶22. The Court rejected the viewpoint that criminal statutes of limitation are jurisdictional and nonwaivable. Therefore, the reasonable conclusion is that criminal statutes of limitation do not carry with them a substantive right in Mississippi. This is inferred from the Court's analysis of *Conerly*. However, this Court specifically addressed this question in an earlier case as the district court noted in *Morningstar v. General Motors, Corp.*, 847 F. Supp. 489 (S.D. Miss. 1994), *aff'd*, 36 F.3d 89 (5th Cir. 1994):

> Mississippi follows the traditional rule that a statute of limitation is deemed "procedural" rather than "substantive." *Williams v. Taylor Machinery, Inc.*, 529 So. 2d 606, 609 (Miss. 1988). However, a well-established exception exists where a particular state's limitations period is considered to be part of its substantive law because the limitations period is "built in" or "in the same enactment" as the statute which creates the right of action. *See e.g., Siroonian v. Textron, Inc.*, 844 F.2d 289, 292 (5th Cir. 1988) (holding that in a wrongful death action brought in Mississippi court pursuant to diversity jurisdiction and applying Kentucky substantive law, Kentucky's statute of limitations is considered substantive and thus governed the case).

*Id.* at 491.

¶23. The statute that creates the right of action against a defendant for "touching or handling a child for lustful purposes" is Miss. Code § 97-5-23. The statute that enumerates the limitations period within which the action must be brought is Miss. Code § 99-1-5.[(6)] These are two separate acts. This statute of limitation was procedural. It did not fit within the exception espoused by the Fifth Circuit as discussed in *Morningstar*, because the limitations period was not "built in" or "in the same enactment" as the statute which creates the right of action." *Id.* Thus, in keeping with *Johnston*, there is no ex post facto prohibition or bar to this retroactive application of statutory limitations period where the change is merely procedural. *Johnston*, 618 So. 2d at 95.

### 2. Excluded From Ex Post Facto Doctrine

¶**24.** The United States Supreme Court has interpreted Article I, § 9, of the United States Constitution to forbid the enactment of

> any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time the act was committed. . ..

*Puckett v. Abels*, 684 So. 2d 671, 673 (Miss. 1996) *(citing Beazell v. Ohio*, 269 U.S. 167 (1925)).

¶25. The Supreme Court, keeping with its original understanding, held the Ex Post Facto Clause "was aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts .'" *California Dept. of Corrections v. Morales*, 115 S. Ct. 1597, 1601 (1995) *(quoting Collins v. Youngblood*, 497 U.S. 37 (1990)).

¶26. The extension of the limitations period in no way altered the definition of the crime with which

Christmas was charged. The jury found Christmas had committed acts which were against the law at the time of their commission. The new limitations period had no effect on the punishment imposed for the crime. Lastly, because Christmas could not raise the expiration of the statute of limitations at the time he committed the crime as a defense or excuse to his crime, he cannot be deprived of that defense by the extension of the limitations period.

¶27. "'[A]n ex post facto law is one which, in its operation, makes that criminal which was not so at the time the action was performed; or which increases the punishment, or, in short, which, **in relation to the offence or its consequences, alters the situation of a party to his disadvantage**.'" *Collins*, 497 U. S. at 48; *quoting **Kring v. Missouri***, 107 U.S. 221 (1883) (emphasis added).

¶28. However, in *Collins* the Court determined that this did not keep with the original meaning of the Ex Post Facto Clause.

> The holding in *Kring* can only be justified if the Ex Post Facto Clause is thought to include not merely the *Calder* categories, but any change which "alters the situation of a party to his disadvantage." We think such a reading of the Clause departs from the meaning of the Clause as it was understood at the time of the adoption of the Constitution, and is not supported by later cases. We accordingly overrule *Kring*.

*Collins*, 497 U.S. at 50.

¶29. In *Puckett*, this Court adopted the new rationale of the United States Supreme Court where it quoted from the *Morales* decision stating "the Clause is aimed at laws that retroactively alter the definition of the crimes or increase the punishment of criminal acts." *Puckett*, 684 So. 2d at 673 ( *quoting **Morales***, 115 S. Ct. at 1601).

¶30. The Fifth Circuit has answered this specific question in ***United States v. Brechtel***, 997 F.2d 1108, 1112-13 (5th Cir. 1991). In that case bank officers were convicted of improper participation in bank transactions. They were prosecuted under an amended statute of limitations that applied to offenses committed before the original limitations period had not expired. Brechtel asserted that his prosecution under the amended statute of limitations was violative of the Ex Post Facto Clause of Article I, § 9, cl. 3 of the United States Constitution. ***Id.***

*¶31.* The Fifth Circuit answered the question of whether this violated the Ex Post Facto Clause in the negative.

> This argument misperceives the law. Recent Supreme Court teachings reject the proposition that retroactive legislation violates the ex post facto clause merely because it adversely affects the position of criminal defendants. Rather, that clause prohibits only enactment of statutes which: (1) punish as a crime an act previously committed which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive one charged with a crime of any defense available according to law at the time when the act was committed. Only statutes withdrawing defenses related to the definition of the crime, or to the matters which a defendant might plead as justification or excuse fall within the latter group. Plainly, extension of the limitations period neither criminalizes previously innocent conduct, nor enhances punishment for an existing crime.

***Brechtel***, 997 F.2d at 1113.

¶32. This Court in ***Merritt v. State***, 517 So. 2d 517, 521 (Miss. 1987), expressed its concerns of retroactive application of laws. Justice Robertson wrote:

> [W]e have said all too often there is a built in presumption of retroactivity in our judicial lawmaking efforts. ***Hall v. Hilburn***, 466 So. 2d 856, 876 (Miss. 1985). We worry most about that presumption in cases where a party may in good faith have relied upon a preexisting state of the law. It goes without saying that we have no obligation to honor the claim of a murderer that he planned and executed the killing of his child in reliance upon the then rule that his wife would not be competent as a witness against him.

***Id.***

¶33. Christmas cannot come before this Court and argue in good faith that he, in deciding to fondle the victim, relied upon the two-year statute of limitations in effect in June of 1989 as an excuse or justification for his criminal actions. Because we are bound to follow the rule in ***Merritt***, this Court has no obligation to honor the claims of Christmas.

¶34. Buford Christmas was not prosecuted under a new law that made his acts of June 1989 criminal. They were criminal at the time of their commission. Also, Christmas was not subjected to a longer punishment by the prosecution under the lengthier limitations period than he would have been had he been prosecuted under the original statute of limitations. Therefore, we conclude the prosecution of Buford Christmas did not violate the Ex Post Facto Clause. His argument is without merit, and the decision by the trial judge to allow the prosecution to take place under the amended statute of limitations is affirmed.

¶35. Christmas asserts that the prosecution was required to show an offense within the period of limitations. "The prosecution also has the burden of proving that the offense was committed after the passage of the statute or ordinance providing for its punishment, and that it was committed within the statutory period of limitations, and if this is not done a conviction will be reversed." ***Hatton v. State***, 46 So. 708, 709 (Miss. 1908). Christmas then cites ***Strong v. State***, 23 So. 2d 750, 751 (Miss. 1945), for the proposition: where evidence is in dispute as to whether the prosecution was begun timely, that factual dispute must be decided by the jury as part of its general verdict.

¶36. Christmas misinterprets the holdings of the two cases. In ***Strong*** there was a dispute as to when the actual crime took place. The prosecution contended the crime took place during December, 1942, which would have been within the limitations period. The defendants argued the acts occurred in July of 1942, which was outside of the limitations period. We are of the opinion that ***Strong*** stands for the proposition that where there is dispute as to when a criminal act occurs, the prosecution must prove it took place within the limitations period.

¶37. In the case sub judice, there is no dispute that the criminal act took place in June of 1989. It was not a question for the jury to decide as to when the crime occurred. Whether a criminal act that, without question, occurred in June of 1989 was prosecutable under the applicable limitations period was a question of law for the judge to determine. The judge made this determination by stating:

The two year [sic] was extended to five years before the two year [sic] had expired, two-year statute of limitation had expired, and I think that still puts him in the situation of being able to be prosecuted by the State based on the authority that has been submitted to me.

This Court holds that the application of the extended limitations period was a question for law for the judge to determine. He correctly ruled that the prosecution could go forward, and his decision is affirmed.

## II. WHETHER THE COURT ERRED BY ALLOWING THE PROSECUTION TO ARGUE THE CASE COULD BE DECIDED BY A LESSENED BURDEN OF PROOF.

¶38. During the first trial the State argued, in effect, that this was a simple case for the jury to decide, turning on whether the jury believed the witnesses for the State or the witnesses for the defense. At the second trial before arguments began, Christmas made a motion in limine for the court to exclude a similar type argument from the State. Christmas contended that such an argument tends to demean the State's burden of proof and persuade the jury that the standard is something less than beyond a reasonable doubt.

¶39. The trial court overruled the defendant's motion in limine. During closing argument the State made the following statements.

Gentlemen, this is not really a complicated case. What this case comes down to is if you believe what this defendant said when he took the witness stand, then the State has failed to prove its case and you should turn him loose. But on the other hand, if you believe what Nicole Christenberry and Diane Christenberry and Lee Haden have said from that witness stand, then the State has proved its case and your obligation is to find him guilty.

Christmas contends that the above argument by the State urged a verdict upon a degree of persuasion as low as a mere preponderance of the evidence. He concedes that the term "reasonable doubt" did appear in some instructions, but asserts the prosecutor was able to demean it with the above argument. Although the statements by the State would have been prohibited as jury instructions, they were permissible in closing argument.

Assuming, but not deciding, its use was tantamount to an attempt to define the term "reasonable doubt," we have held. . .that distinctions between reasonable doubt, all possible doubt, beyond a shadow of a doubt, and the like, while, not properly the subject of jury instructions, are permissible during trial counsel's closing argument.

*Heidelberg v. State*, 584 So. 2d 393, 396 (Miss. 1991).

¶40. Christmas then complains that Instruction D-2[7] was improperly refused. That instruction was taken from *In Re Winship*, 397 U.S. 358, 364 (1970), where the Supreme Court wrote, "It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper fact finder of his guilt with utmost certainty." Christmas asserts the Supreme Court viewed "reasonable doubt" as meaning "with utmost certainty." According to Christmas, Instruction D-2 was the correct statement of law.

¶41. This Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. *Peoples Bank and Trust Co. v. Cermack*, 658 So. 2d 1352, 1356 (Miss. 1995). "[A]n instructional error will not warrant reversal if the jury was fully and fairly instructed by other instructions. *Collins v. State*, 594 So. 2d 29, 35 (Miss. 1992); *Laney v. State*, 486 So. 2d 1242, 1246 (Miss. 1986). This Court assumes that juries follow the instructions given to them by the trial court." *Id.*; *Payne v. State*, 462 So. 2d 902, 904 (Miss. 1984).

¶42. The trial judge gave the appropriate instructions to the jury regarding reasonable doubt. In fact, the trial court withdrew one of its instructions and substituted the defendant's in its place. The trial judge reasoned that his C-13[(8)], which was a presumption instruction element, that he usually gives did not go as far as D-1[(9)] that was given. The jury was further instructed as to "reasonable doubt" by S-1[(10)]. By looking at the total instructions given, this Court finds the instructions given by the court were permissible. As stated earlier, jury instructions are not viewed in isolation, but as a whole. *Peoples Bank and Trust Co.*, 658 So. 2d at 1356. Also, this Court is to assume that juries follow instructions which are given to them by the trial court. *Collins*, 594 So. 2d at 35.

¶43. Christmas argues the trial judge committed reversible error during voir dire by commenting on reasonable doubt.

THE COURT:

> . . .In every state and under federal law, in order for a conviction to be had, the prosecutor in this state, the D.A., must prove to the jury beyond a reasonable doubt that the defendant did, in fact, commit the crime. That's the burden of proof every prosecutor in every county of this state and in every state and in the federal government. That's the burden they always have in every criminal case.

> Their duty is to prove beyond a reasonable doubt that the person is guilty. The person charged does not have the duty of affirmatively coming forward to prove himself or herself not guilty. They may present testimony and evidence to disprove the State's case, but it's not their duty to come forward first to show that they are not guilty. It's the State's duty to come forward first to prove that they are guilty.

> Now, obviously, from what I've just said there to those of you who have sat on civil cases, it was quite a different matter in civil lawsuits. Because in a civil lawsuit, one side is seeking from the other only money. And in those type cases, civil cases where somebody is suing somebody, the burden is much different and quite lower. In that case all they have to do is prove by what's called a preponderance of the evidence that the allegations made against the other party are true, fifty plus one so to speak.

> The standard, of course, as I've just said--noted to you is much higher in a criminal case. Now, I didn't say anything else beyond a reasonable doubt either, okay? There's only so far they have to go. They don't have to go to the end of the universe, because everybody and everything is to be reasonable here--are supposed to be reasonable here.

¶44. Christmas claims such oral instructions have been denounced by this Court. This Court has said an instruction defining reasonable doubt is not proper. *Gray v. State*, 351 So. 2d 1342, 1348 (Miss.

1977). Also, Christmas asserts that this Court has spoken directly to judges addressing reasonable doubt by saying, "such matters should be limited to the remarks of counsel, not embodied in instructions emanating from the court." *Gillum v. State*, 468 So. 2d 856, 863 (Miss. 1985).

¶45. Christmas is procedurally barred from asserting this argument on appeal. Christmas did not make a contemporaneous objection at the time the court made the comments during voir dire. Therefore, he should not be able to raise this as an assignment of error for the first time on appeal. It is elementary that, for preservation of error for review, there must be contemporaneous objections. *King v. State*, 615 So. 2d 1202, 1205 (Miss. 1993); *Smith v. State*, 530 So.2d 155, 161-62 (Miss.1988).

¶46. Alternatively, even if a contemporaneous objection had been made, Christmas does not show unto this Court how he has been prejudiced by the remarks of the trial judge in voir dire. In *Gillum*, this Court "[c]onsidered in the context of the numerous instructions given touching the State's burden, and we concluded. . .substantial prejudice did not result to appellant from it." *Id.* Because the comments were made during voir dire, we find that any prejudice to Christmas was minimal and/or cured upon the instructions being given to the jury before deliberations. Therefore, this assignment of error lacks merit, and the decision by the lower court is affirmed.

## CONCLUSION

**¶47.** The prosecution of Buford Christmas was not ex post facto violative. First, the criminal statutes of limitation in Mississippi do not carry a substantive right. They are procedural, and this case does not come within the recognized exception creating a substantive right. The criminal fondling statute, Miss. Code Ann. § 97-5-23, is separate from the limitations period statute, Miss. Code Ann. § 99-1-5. Second, the retroactive application of an amended limitations period to a statute of limitations that has not expired does not come within the current ex post facto doctrine of the United States Supreme Court or this Court.

¶48. The trial judge did not commit reversible error by making comments during voir dire or allowing comments to be made during closing argument concerning reasonable doubt. Christmas did not make a contemporaneous objection when the judge made his comments during voir dire. Therefore, he did not preserve this issue for appeal. Further, no substantial prejudice to Christmas has been shown to this Court. Any prejudice to Christmas was cured by giving the appropriate instructions to the jury at the end of the testimony prior to closing arguments.

¶49. Because the arguments of Christmas lack merit, this Court affirms the decision of the lower court.

**¶50. CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF SIX (6) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., AND SULLIVAN, P.J.**

**DAN LEE, CHIEF JUSTICE, DISSENTING:**

¶51. I dissent. The alleged crime of which Buford Christmas was convicted was committed, if at all, in June, 1989. The statute of limitations in effect at the time of the alleged crime was two years, pursuant to Mississippi Code Annotated § 99-1-5 (1972). The legislature on April 21, 1989, approved an act to take effect on July 1, 1989, to provide for a seven-year period of limitations in which to commence a prosecution for fondling. Christmas was indicted in July, 1992, for the crime of fondling, well outside the two-year statute of limitations in effect in June, 1989, when he allegedly committed the offense.

¶52. Before the statute of limitations for a criminal offense, in the instant case fondling, expires, a legislature may, at its will, amend the statute of limitations without violating the ex post facto clause, as the majority has so eloquently and persuasively demonstrated. However, the majority opinion stops short of addressing the ultimate question in the case *sub judice*. The issue presented in the instant case is not whether the legislature had the power to extend the statute of limitations retroactively, but whether the legislature, in fact, intended to do so. The statute amended by the legislature in 1989 is silent on the issue of its retroactive application.

¶53. Generally, a statute must be construed to have only a prospective effect, unless the legislature, by the express terms of the statute, clearly indicates that the statute is to be applied retroactively. *See* ***Hassett v. Welch***, 303 U.S. 303 (1938). *See also* ***State v. Merolia***, 686 P.2d 244 (Nev. 1984). Additionally, statutes of limitations in the criminal context are to be liberally interpreted in favor of the accused. ***Toussie v. United States***, 397 U.S. 112 (1970). Following these considerations, the case of ***United States v. Richardson***, 393 F. Supp. 83 (W.D.Pa. 1974), *aff'd.*, 512 F.2d 105 (3rd Cir. 1975), held that an amendment to a criminal statute of limitations, silent on the issue of its retroactive application, must be construed as prospective only and cannot apply to an offense committed before its effective date. ***Id.***

**¶54.** I agree with the ***Richardson*** rationale and would hold that, absent an express legislative intent to the contrary, an amendment extending the statute of limitations for a criminal offense operates prospectively only. Consequently, the prosecution of Christmas was outside the two-year statute of limitations in effect at the time of the alleged incident, and therefore barred. I, therefore, respectfully dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶55. The majority's conclusion that the prosecution of Buford Christmas was not a violation of the Ex Post Facto Clause is flawed. The statute of limitations is a limitation on the power of the sovereign to

act against an individual and must be interpreted in favor of repose. In this context, the statute of limitations is a substantive right and should not be applied retroactively. Therefore, I respectfully dissent.

¶56. Initially, as a matter of discerning legislative intent, Miss. Code Ann. § 99-1-5 (1989, as amended) cannot be said to apply to the case sub judice, because the Legislature did not express an intent that the definition of fondling was to have retroactive application. In Mississippi, statutes are generally presumed to operate prospectively unless a contrary legislative intent is shown. *State ex rel Moore v. Molpus*, 578 So. 2d 624, 643 (Miss. 1991); *Cole v. National Life Ins. Co.*, 541 So. 2d 1301, 1305 (Miss. 1989); *McClendon v. Boyd Constr. Co.*, 224 Miss. 366, 374, 78 So. 2d 796, 797 (1955). This rule has been specifically applied to amendments to statutes of limitations governing civil cases. *Cole*, 541 So. 2d at 1305. Moreover, criminal statutes of limitations are to be construed in favor of the accused. *Toussie v. United States*, 397 U.S. 112, 114-15 (1970). Additionally, criminal limitations statutes are to be liberally interpreted in favor of repose. *Id.* at 115.

¶57. The language used in the pertinent act, found at Laws of 1989, Ch. 567, p.759, does not give any indication suggesting that the Legislature intended the statute of limitations to apply to cases occurring before its effective date. In light of the above considerations, this Court should find that an amendment to a criminal statute of limitations, silent on the question of its retroactive application, must be construed as prospective. As a matter of statutory construction, and having no need to reach the constitutional issue, Miss. Code Ann. § 99-1-5, as it existed in 1989, amending the statute of limitations for prosecutions of touching or handling of a child for lustful purposes as described in Miss. Code Ann. § 97-5-23, is prospective, and thus extends the time for the commencement of prosecution only where the offense is committed after the effective date of the amendment.

¶58. Alternatively, as matter of constitutional interpretation, a statute of limitations in a criminal case is a substantive right. The theory that statutes of limitations do not affect a defendant's substantive right is irrational. Because any statute of limitations limits the circumstances under which guilt can be found and guarantees the accuracy and integrity of the adjudicatory process in criminal procedure, the statute operates as a substantive right for purposes of ex post facto analysis. As the majority in *Conerly v. State* succinctly described the reasoning of those courts that treat statutes of limitations in criminal cases as jurisdictional and nonwaivable, "the statute of limitations is a limitation upon the power of the sovereign to act against the accused and is to be interpreted in favor of repose in which case the State, after a period of time, is cut off from its right or cause of action." *Conerly v. State*, 607 So. 2d 1153, 1157 (Miss. 1992).[(11)] The states of Florida, California, and Alabama all have held that the statute of limitations is a substantive right in the criminal context. *See, e.g., Brown v. State*, 674 So.2d 738, 741 (Fla. Dist. Ct. App. 1995); *People v. Sweet*, 254 Cal. Rptr. 567, 571 (Cal. Ct. App.1989); *Hall v. State*, 497 So.2d 1145, 1148 (Ala. Crim. App. 1986). Further still, this Court has treated a civil statute of limitations as a vested right. *Cole*, 541 So. 2d at 1307. Accordingly, this Court should treat the statute of limitations in a criminal prosecution as a substantive right.

¶59. Since the extension in the statutory period constitutes a change in a substantive right, this Court cannot say that ex post facto analysis should not apply.

> Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the Legislature increases punishment

beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

*Weaver v. Graham*, 450 U.S. 24, 30-31 (1981); *Puckett v. Abels*, 684 So. 2d 671, 674 (Miss. 1996). The Mississippi Constitution demands that ex post facto laws shall not be passed. *Mississippi Const.* Art. 3, § 16. Even though in *Puckett*, this Court agreed with the United States Supreme Court that the Ex Post Facto Clause is aimed at laws that retroactively alter the definition of the crimes or increase the punishment for criminal acts, we also agreed that the purpose of our Ex Post Facto Clause is to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed and to restrict governmental power by restraining arbitrary and potentially vindictive legislation. *Puckett*, 684 So. 2d at 673.

¶60. While in the criminal context, the United States Supreme Court determined that changes in statutes of limitations do not violate the federal Ex Post Facto Clause, even if those changes may work to the disadvantage of a defendant, this Court is well within its power to allow greater protection under our state constitutional prohibition against ex post facto laws. *McCrory v. State*, 342 So. 2d 897, 900 (Miss. 1977). Where there is a state constitutional entitlement to some due process right, the State may not enact legislation to impede that right under ex post facto analysis. *Hill v. State*, 659 So. 2d 547, 551 (Miss. 1994) (on petition for rehearing). A defendant is entitled to be prosecuted under the statute in existence at the time of the commission of the crime, for to permit otherwise would unconstitutionally deny that defendant due process. *Moore v. State*, 461 So. 2d 768, 770 (Miss. 1984); *Mississippi Const.*, Art. 3, § 14. Ex post facto prohibitions bar retroactive applications of statutory law that affect substantive rights, and in this case a substantive right was affected--the defendant's right to rely on the statute of limitations. Therefore, the statute in this case fails under ex post facto analysis as well.

¶61. In conclusion, the enlargement of the statute of limitations in this case should only have applied to those crimes occurring on or after the date of the enactment of the statute. I agree with those courts treating the statute of limitations as a substantive right in the criminal context. Because the majority follows a different path, I respectfully dissent.

**LEE, C.J., AND SULLIVAN, P.J., JOIN THIS OPINION.**

1. Laws of 1912, Ch. 261, p. 335. The pertinent portion reads as follows:

*Limitations of Prosecutions Generally.*

--A person shall not be prosecuted for any offense--murder, manslaughter, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement and obtaining money or property under false pretenses excepted--unless the prosecution for such offense be commenced within two years next after the commission thereof; but nothing herein contained shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this State or out of the jurisdiction of the court, or so conduct himself that he cannot be

found by the officers of the law, or that process cannot be served upon him.

2. Touching and handling a child for lustful purposes.

3. Laws of 1989, Ch. 567, p. 759. That section of the Code read as follows:

> A person shall not be prosecuted for any offense, with the exception of murder, manslaughter, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, obtaining money or property under false pretenses, felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23 or exploitation of children as described in Section 97-5-33, unless the prosecution for such offense be commenced within two (2) years next after the commission thereof, but nothing contained in this section shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him.
>
> *Any prosecutions for felonious child abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23 or exploitation of children as described in Section 97-5-33, shall be commenced within seven (7) years next after the commission thereof*.
>
> This act shall take effect and be in force from and after July 1, 1989.

(emphasis added).

This act was approved on April 21, 1989. Miss. Code Ann. § 99-1-5 has since been amended, however those amendments are not applicable to this case.

4. Sec. 16 Miss. Const. (1890); U.S. Const. Art. I, sec. 9, cl. 3, and Art. I, sec. 10, cl. 1.

5. Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto.

21 Am. Jur. 2d *Criminal Law* § 224 (1981).

6. The particular statute of limitations applied to this case was approved on April 21, 1989, and went into effect on July 1, 1989. Laws of 1989, ch. 567, § 1. The defendant was prosecuted under this statute of limitations, because the original limitations period of two years had not expired at the time the amendment became effective.

7. The Court instructs the jury that to be convinced beyond a reasonable doubt, you must be convinced with utmost certainty.

8. The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State of Mississippi the burden of proving the Defendant guilty of every

material element of the crime with which he is charged beyond a reasonable doubt. Before you can return a verdict of guilty, the State must prove that the Defendant is guilty beyond a reasonable doubt. The Defendant is not required to prove his innocence.

9. The law presumes every person charged with a crime to be innocent. This presumption places upon the State the burden of proving beyond a reasonable doubt each and every element of the crime charged. If you are not convinced from the evidence beyond a reasonable doubt that Buford Keith Christmas is guilty of each and every element of the crime charged, you cannot return a verdict of guilt to the charge.

A reasonable doubt may arise from the evidence, lack of evidence, weight of the evidence, or sufficiency of the evidence, but if it arises it is you [sic] sworn duty to return a verdict of not guilty to the charge.

10. The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that:

> 1. The Defendant, BUFORD KEITH CHRISTMAS, is a male, above the age of Eighteen (18) years of age; and
>
> 2. Nicole Christenberry, was a child under the age of Fourteen (14) years; and
>
> 3. BUFORD KEITH CHRISTMAS did, with his hands or any part of his body or any member of his body, handle, touch or rub the body of Nicole Christenberry; and
>
> 4. The Defendant's purpose in handling, touching and rubbing was to gratify his lust or indulge his depraved licentious sexual desires; and
>
> That this occurred in Hancock County, Mississippi, on or about June 1989, then you shall find the Defendant, BUFORD KEITH CHRISTMAS, Guilty of Unlawful Touching of a Child for Lustful Purposes.
>
> If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant, BUFORD KEITH CHRISTMAS Not Guilty of Unlawful Touching of a Child for Lustful Purposes.

11. Unfortunately, the majority in *Conerly* determined that a better rule would be that in criminal cases, statutes of limitations are non-jurisdictional. I joined Justice Sullivan's dissent, which regarded this specific point. *Conerly*, 607 So. 2d at 1158.