# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00021-SCT

*MARTIN MONROE DRENNAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/28/95 |
| TRIAL JUDGE: | HON. RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOLENE M. LOWRY |
| DISTRICT ATTORNEY: | WHITE, GLENN, |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/5/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/26/97 |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. On February 23, 1995, Martin Drennan pled guilty to felony DUI in violation of Miss. Code Ann. § 63-11-30. After entry of his guilty plea, Drennan was sentenced to serve three years in the custody of the Mississippi Department of Corrections and to pay a fine of $ 2, 000.00 and all court costs.

¶2. On October 17, 1995, Drennan filed a Motion to Vacate Conviction and Sentence alleging that his guilty plea was not knowing, intelligent, or voluntary because the indictment returned by the grand jury was flawed in that it failed to allege that Drennan had been previously convicted of a second offense. Drennan also argues that defense counsel was ineffective due to the failure to advise him of the defect. Drennan asks this Court to reverse and remand for sentencing or alternatively to vacate the guilty plea and order a new trial. After thorough review, we find no error in the proceedings below and therefore affirm.

## STATEMENT OF FACTS

¶3. On November 1, 1994, Martin Drennan was arrested by Officer Kevin Crawford of the Hattiesburg Police Department for driving under the influence. Drennan's blood alcohol level was .116%. Because Drennan had two prior convictions for driving under the influence within the past five years, he was charged with a felony.

¶4. On February 14, 1995, Drennan was indicted by the Forrest County Grand Jury for felony DUI in violation of Miss. Code Ann. § 63-11-30. The indictment specifically alleged that Drennan had been previously convicted of two separate and distinct counts of driving under the influence within a five year period.

¶5. On February 23, 1995, Drennan pled guilty to felony DUI before Circuit Court Judge Richard W. McKenzie. Drennan, represented by counsel, affirmatively stated that he understood the nature of the charges against him and admitted guilt. The trial judge accepted the guilty plea and sentenced Drennan to serve three years in the custody of the Mississippi Department of Corrections, to pay a $ 2,000.00 fine and all court costs.

¶6. On October 17, 1995, Drennan filed a post-conviction Motion to Vacate Conviction and Sentence alleging that the indictment returned by the grand jury was fatally defective in that it failed to allege that Drennan had been convicted of a second offense. Drennan therefore argued that the indictment was insufficient to charge the crime of felony DUI and his guilty plea was involuntary. Drennan also argued that his counsel was ineffective for failing to advise him of the defects and for advising Drennan to plead guilty. Judge McKenzie denied the motion, specifically finding:

> The Court finds, beyond a reasonable doubt, that the defendant had previously been convicted of two (2) separate and distinct crimes of D.U.I. within the past five (5) years, and the defendant in fact acknowledged the same during his entry of guilty plea and judgment of court, even though the convictions as alleged in the indictment did not reflect D.U.I. First Offense and D.U.I. Second Offense, but reflected D.U.I. First Offense and D.U.I. Third Offense, and the offense for which [he is] presently incarcerated would numerically be a D.U.I. Fourth within the period of five (5) years; however, there is sufficient basis in law and in fact as reviewed by this record, for the conviction to stand.

From the denial of the post-conviction motion, Drennan appeals to this Court, raising the following issues:

**I. WHETHER THE GUILTY PLEA WAS KNOWING, INTELLIGENT, AND VOLUNTARY.**

**II. WHETHER DRENNAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**DISCUSSION OF LAW**

**I. WHETHER THE GUILTY PLEA WAS KNOWING, INTELLIGENT, AND VOLUNTARY.**

¶7. Drennan first argues that his guilty plea was not knowing, intelligent, or voluntary because he was not advised by his counsel or the trial court that the indictment was insufficient to charge the

offense of felony DUI. Specifically, Drennan argues that the indictment failed to allege that Drennan had been convicted of a second offense.

¶8. In *Banana v. State*, 635 So. 2d 851, 854 (Miss.1994), this Court held:

> A guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered. *Alexander v. State*, 605 So.2d 1170, 1172 (Miss.1992). *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Myers v. State*, 583 So. 2d 174, 177 (Miss.1991); *Wilson v. State*, 577 So. 2d 394, 397 (Miss.1991). In order to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea.

*Id.*

¶9. Moreover, "a valid guilty plea . . . admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment [or information] against a defendant." *Conerly v.State*, 607 So. 2d 1153, 1155 (Miss.1992) (*quoting Brooks v. State*, 573 So. 2d 1350, 1352 (Miss.1990)). Specifically, this Court held:

> Outside the constitutional realm, the law is well-settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss.1989). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction.

*Conerly*, 607 So. 2d at 1155.

¶10. Drennan argues that he was not advised about the nature of the crime charged because the trial court and his attorney failed to advise him that the indictment was insufficient. Therefore, Drennan argues that if he had been advised that the indictment failed to properly charge felony DUI he would have proceeded to trial.

¶11. In arguing that the indictment was defective, Drennan relies on *Page v. State*, 607 So. 2d 1163 (Miss.1992) and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (1993). In *Page*, this Court held that an indictment charging the defendant with a fourth offense felony DUI was insufficient because it failed to charge a felony offense. This Court held that "each subparagraph of § 63-11-30 (2) represents a separate crime with separate penalties." *Id.* at 1168. Therefore, "each prior conviction is an element of the felony offense, and each must be specifically charged." *Id.* An indictment must allege that the defendant "has been previously convicted of a first offense violation of § 63-11-30 (1) as provided in § 63-11-30 (2)(a), and thereafter of a second offense violation under § 63-11-30(1), after having been convicted for a first offense, as provided in § 63-11-30(2)(b), and thereafter of a third offense violation of § 63-11-30(1), after having been convicted of a second offense, as provided in § 63-11-30(2)(c) of conviction of first, second and third offense." *Id.*

¶12. This Court held that the Implied Consent Law "increases the penalty for each succeeding conviction under that particular statute so that the third conviction is punishable as a felony." *Id.*

Therefore, failure to allege each specific offense, "is insufficient to charge anything other than a repeat misdemeanor, and not a fourth felony offense." ***Id.*** at 1169.

¶13. In ***Ashcraft v. City of Richland***, 620 So. 2d 1210 (Miss.1993), this Court, relying on ***Page v. State***, 607 So. 2d 1163 (Miss.1993), held that the "Uniform Traffic Ticket which served as the charging affidavit, while alleging the defendant had been previously convicted two times of a violation of § 63-11-30 (1) and that he was being charged as a third offender, failed to allege he was ever tried for and convicted of a second offense of driving under the influence of intoxicants." ***Ashcraft***, 620 So. 2d at 1211. Therefore, "Ashcraft's status as a convicted second offender was not alleged." ***Id.*** This Court held ". . . if enhanced punishment is sought, the indictment or affidavit must include both the principal charge and a charge of previous convictions and both charges proved before punishment may be enhanced." ***Id.*** at 1212 (*quoting **Lay v. State***, 310 So. 2d 908, 910 (Miss.1975)). Because the charging affidavit was insufficient, this Court remanded the case to the trial court for Ashcraft to be sentenced as a first offender. ***Id.***

¶14. Drennan now argues that the charging affidavit and the indictment were insufficient to charge a third offense felony DUI. The charging affidavit stated that Martin Monroe Drennan,

> On or about: November 1, 1994 did willfully, unlawfully, feloniously, after *having been convicted two (2) prior times of driving under the influence, under Section 63-11-30*, drive or otherwise operate a motor vehicle within the State of Mississippi and the City of Hattiesburg, or upon a public street or highway while under the influence of intoxicating liquor or beverage, alcohol, to wit: .116%. . . .

¶15. The indictment (in pertinent part) contained the following language:

> . . . MARTIN MONROE DRENNAN, on November 1, 1994, in Forrest County aforesaid: Did unlawfully, wilfully, and feloniously drive or otherwise operate a motor vehicle within the State of Mississippi, when he, the said MARTIN MONROE DRENNAN, was under the influence of intoxicating liquor, . . . when he . . . *had been previously convicted of two (2) separate and distinct counts of driving under the influence of intoxicating liquors within a period of five (5) years, to wit: . . . having been convicted of the crime of driving under the influence of intoxicating liquor, first offense, on the 9th day of August, 1994, in the Municipal Court of Hattiesburg, Mississippi, and sentenced to pay a fine of $ 768.50, plus assessments of $ 162.50, as appearing in case # T133043, of record in said court, and . . . having been convicted of the crime of driving under the influence . . ., third offense, on the 19th day of February, 1991, in the Municipal Court of Hattiesburg, Mississippi, and sentenced to pay a fine of $ 90.00 and sentenced to sixty (60) days, as appearing at docket book 75, at page 541- 542, or record (sic) in said court, . . . .*

¶16. Following ***Page v. State***, 607 So. 2d 1163 (Miss.1992) and ***Ashcraft v. City of Richland***, 620 So. 2d 1210 (Miss.1993), the Legislature enacted § 63-11-30(7). Laws, 1994 ch. 340, § 4, approved March 14, 1994, effective June 6, 1994 which provides as follows:

> *For the purposes of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the*

*defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed.* The amount of fine and imprisonment imposed in previous convictions shall not be considered in calculating offenses to determine a second, third or subsequent offense of this section. (emphasis added).

¶17. In the case *sub judice*, the charging affidavit was executed on November 1, 1994 and the indictment returned by the grand jury on February 14, 1995. Drennan was arrested for felony DUI on November 1, 1994. Therefore, Miss. Code Ann. § 63-11-30 (7) clearly applies. As such, the affidavit and the indictment were not required to specifically enumerate each prior offense and conviction. Here, however, the indictment did specifically set forth two prior offenses and convictions. Moreover, the indictment clearly designated the dates; fines imposed; and the location of the record for each prior conviction.

¶18. A review of the guilty plea hearing reveals nothing to suggest that Drennan's plea was involuntary. Drennan indicated that the charges against him had been explained to him and that he understood those charges. Drennan admitted that he was guilty of felony DUI and understood the consequences of entering a guilty plea. Moreover, Drennan clearly indicated that he had been previously convicted of two separate DUI offenses. There is simply nothing in this record to indicate that Drennan was not informed of the charges against him. This issue is without merit.

## II. WHETHER DRENNAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

¶**19.** Drennan cites no legal authority to support this argument. This Court has repeatedly held that "it is the duty of the appellant to provide authority and support of an assignment." *Hoops v. State*, 681 So. 2d 521, 526 (Miss.1996); *Kelly v. State*, 553 So. 2d 517, 521 (Miss.1989); *Brown v. State*, 534 So. 2d 1019, 1023 (Miss.1988); *Harris v. State*, 386 So. 2d 393 (Miss.1980). "If a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited." *Hoops v. State*, 681 So. 2d 521, 526 (Miss.1996); *Hewlett v. State*, 607 So. 2d 1097, 1106 (Miss.1992); *Kelly*, 553 So. 2d at 521; *Brown*, 534 So. 2d at 1023. This assignment of error is barred.

¶**20.** Alternatively, however, this assignment of error is without merit. When reviewing claims of ineffective assistance of counsel, this Court utilizes the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Schmitt v. State*, 560 So. 2d 148, 154 (Miss.1990), this Court held "[b]efore counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by counsel's mistakes." (citations omitted). One who claims that counsel was ineffective must overcome the presumption that "counsel's performance falls within the range of reasonable professional assistance." *Id.* (*quoting Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068). In order to overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

¶*21.* Drennan argues that he would not have pled guilty to felony DUI if his attorney had advised him that the indictment did not properly charge a felony, but rather only set forth a misdemeanor. This Court has held that a defendant must be advised of the nature of the charges to which he is pleading guilty; the consequences of pleading guilty; and the minimum and maximum sentences which he or she may receive. *Nelson v. State*, 626 So.2d 121 (1993); *Mallet v. State,* 592 So. 2d 524

(Miss.1991); *Wilson v. State*, 577 So. 2d 394 (Miss.1991); *Vittitoe v. State*, 556 So. 2d 1062 (Miss.1990). *See also* Mississippi Uniform Circuit and County Court Rule 8.04 (1996).

¶22. Examining the facts in the record and applying the two-part test as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), Drennan fails to establish that his counsel was ineffective. During the guilty plea hearing, Drennan indicated that his attorney and the district attorney explained the charges contained in the indictment. Drennan also indicated that he understood the maximum and minimum penalties that he could receive. Drennan admitted he had been previously convicted of two separate DUI offenses and indicated that he realized by entering a guilty plea, he was admitting that he did in fact commit the crime with which he was charged.

¶23. The indictment was sufficient to inform Drennan of the pending charges and of his status as a repeat offender. *See* Miss. Code Ann. § 63-11-30 (7). Morever, there is nothing in this record to indicate that Drennan was prejudiced by the failure of defense counsel to advise him of a typographical error in the indictment. As noted earlier, Drennan did not challenge the existence of the two prior offenses nor did he challenge the sufficiency of those offenses as prerequisites to the felony charge. "This Court has on past occasions applied harmless error analysis to omissions in advice to pleading defendants, where the circumstances of the case were such that no actual harm fell on the defendants." *Sykes v. State*, 624 So. 2d 500, 502 (Miss.1993); *Gaskin v. State*, 618 So. 2d 103 (Miss.1993); *Vittitoe v. State*, 556 So. 2d 1062 (Miss.1990).

¶24. Drennan fails to demonstrate that he suffered actual harm. Drennan did not challenge either the existence or the sufficiency of the two prior offenses which were used to elevate the present offense to a felony. Due to these offenses, Drennan was guilty of a felony upon his third offense. Although Drennan argues that he would have proceeded to trial on a misdemeanor charge, Miss. Code Ann. § 63-11-30 (2)(c) specifically provides that "[f]or any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person *shall be guilty of a felony*. . . . The only applicable charge for Drennan was a felony and as such Drennan has failed to sustain his claim of ineffective assistance of counsel. This issue is without merit.

## CONCLUSION

¶25. The indictment and the charging affidavit were sufficient to inform Drennan that he was not being prosecuted as a first offender, but rather that he was charged with felony DUI. Moreover, there is simply nothing contained within this record which demonstrates that Drennan received ineffective assistance of counsel. Drennan was advised that he was charged with felony DUI, understood the maximum and minimum penalties, and admitted that he had been previously convicted of two separate DUI offenses. Under the facts of this case and the law, there is no merit to the assigned errors. We therefore affirm.

**¶26. DENIAL OF MOTION FOR POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. PITTMAN, J., NOT PARTICIPATING.**