# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00715-SCT

*VELMA STRICKLAND*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/96 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: JO ANNE M. McLEOD |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

This appeal arises from a denial of Strickland's petition for post-conviction relief, which followed her entrance of a guilty plea and subsequent conviction for conspiring to distribute cocaine. She argues that her indictment was defective and that she received ineffective assistance of counsel. Because there was no flaw in her indictment and because her counsel cannot be considered ineffective for not asserting this non-flaw, the decision of the circuit court is affirmed.

I.

On December 16, 1993, Velma Strickland pled guilty to conspiring to distribute cocaine as an habitual offender in the Circuit Court of Clarke County, Mississippi. Thereafter, she was sentenced to

twenty years in prison without probation or parole. On May 7, 1996, Strickland filed a Motion to Vacate and Set Aside Habitual Sentence, in which she raised as error the fact that the habitual offender language in her indictment was fatally defective, the fact that her indictment did not contain the signature of the foreman of the Grand Jury, and an allegation that she suffered ineffective assistance of counsel during her plea process.

On June 18, 1996, the Clarke County Circuit Court denied Strickland's motion for relief. She presently appeals that order to this Court, reiterating the issues that her indictment was fatally defective and that she received ineffective assistance of counsel.

## II.

Strickland first argues that the trial court erred in sentencing her as an habitual offender when her indictment was insufficient for that purpose. She argues that since the habitual offender portion of her indictment follows the mandatory conclusory language "against the peace and dignity of the state," the language actually commences a second indictment that is missing not only the mandatory language but also fails to include its own date of filing, its own statement that the prosecution has been brought in the name of the State of Mississippi, a statement of the county and judicial district in which the indictment is brought, and the date and time of the "offense."

In response, the State cites the circuit court's order, which found no defects in Strickland's indictment. The State further argues that this claim was waived with the entry of Strickland's voluntary and valid guilty plea.

We conclude that the State is correct in its assertion that this claim was waived by the entry of Strickland's guilty plea, the voluntariness of which she has not heretofore challenged. This Court recently reiterated its longstanding rule that a valid guilty plea operates to waive any insufficiency in an indictment except for its failure to charge an essential element of a criminal offense, or its failure to give rise to subject matter jurisdiction. *Drennan v. State*, 695 So. 2d 581, 584 (Miss. 1997) (*citing Conerly v. State,* 607 So. 2d 1153, 1155 (Miss. 1992)). The indictment defect alleged in this case is impertinent to both the offense charged and its essential elements. Therefore, any error arising out of this asserted defect was waived.

## III.

Strickland next complains that she received ineffective assistance of counsel in light of her attorney's failure to inform her of the alleged defect in her indictment, as well as her counsel's failure to confront the State with it. The State responds that the indictment was not in fact defective, and therefore Strickland's counsel was not ineffective in failing to assert that it was.

The State is correct. The habitual offender portion of Strickland's indictment appeared before the language "against the peace and dignity of the State of Mississippi":

> This defendant, Velma Strickland, eighteen (18) years of age or over or having been certified as an adult, having been previously convicted of at least two (2) felony offenses arising out of separate transactions and separate occurrences and having been sentenced to serve at least one (1) year with the state or federal penal institution, the State is seeking sentencing pursuant to

M.C.A. § 99-19-81.

(SEE ATTACHED EXHIBIT "A" INCORPORATED HEREIN)

This defendant, Velma Strickland, having been previously convicted under the Mississippi Uniform Controlled Substance Act, the State is seeking enhanced sentencing pursuant to M.C.A. § 41-29-147.

(SEE ATTACHED EXHIBIT "A" INCORPORATED HEREIN)

in violation of Mississippi Code Annotated Sections 41-29-139 & 97-1-1 (1972), and contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Plainly, the language charging Strickland as an habitual offender appeared before the required conclusory "peace and dignity" language. Although the indictment does contain some additional information after that conclusory language, this language is supplemental to the actual charge. This is distinctly different from the indictment in the seminal decision of this Court on this issue, *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995), which made no mention or reference to the habitual offender charge until after the conclusory language appeared. Thus, as the trial court found, Strickland's indictment was not flawed in this regard, and her attorney obviously cannot be held in error for failing to assert otherwise. Therefore, this assignment of error is without merit.

IV.

For the foregoing reasons, the trial court's denial of post-conviction relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**