# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00217-SCT

*EARNEST JAMES RANDLE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/14/97 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/5/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/18/98 |

**BEFORE PITTMAN, P.J., McRAE AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Earnest James Randle entered a plea of guilty to the crimes of burglary of a dwelling at night with a weapon, kidnaping and two counts of aggravated assault in the Circuit Court of Lee County on June 8, 1994. He was sentenced to fifteen (15) years on the burglary, to run concurrently with prior convictions in Lee and Monroe Counties, and twenty (20) years suspended on the first aggravated assault. He was sentenced to fifteen (15) years on the kidnaping charge, to run consecutively to the other sentences, and twenty (20) years suspended on the second count of aggravated assault, making a total of thirty (30) years to serve.

On May 21, 1995, Randle filed a Motion for Post Conviction Relief in the trial court. The lower court denied this Motion by Order on January 14, 1997. It is from this denial that Randle brings this

matter before this Court on appeal raising the following:

**I. WHETHER CIRCUIT COURT ERRED IN FINDING THAT RANDLE'S GUILTY PLEAS WERE MADE FREELY AND VOLUNTARILY?**

**II. WHETHER RANDLE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?**

## STATEMENT OF THE FACTS

Randle indicated to the trial court that he wished to enter a plea of guilty to the crimes of burglary of a dwelling at night with a weapon, kidnaping and two counts of aggravated assault on June 8, 1994. Before the trial judge accepted his plea, Randle's rights were fully explained to him and he voluntarily waived those rights. The trial judge then asked about the details of the crimes with which Randle was charged. Randle stated that he had committed part of the crime, but not the "whole crime." He denied causing bodily injury to the victim with a weapon, saying he had only struck her with his hand. He stated that he never had a weapon. Randle also denied the kidnaping charge and began to deny the aggravated assault upon Cassandra Woods. At that point, the trial judge stopped the proceeding and told the defendant, "Mr. Randle, this is as far as I'm going to go with this. I'll bring the jury in tomorrow. We'll be set to go to trial on these causes."

There was a recess, after which Randle came back in to the court and admitted guilt to all crimes charged against him. The trial judge then fully explained the possible sentences and fines he could impose on Randle. The State made no sentencing recommendations. The trial judge then sentenced Randle to a total of thirty (30) years.

## DISCUSSION OF THE ISSUES

**I. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT RANDLE'S GUILTY PLEAS WERE VOLUNTARY AND KNOWING?**

In his motion for post-conviction relief, Randle claims that his pleas were not made voluntarily and knowingly and were devoid of a factual basis. Randle's main basis for his assertion that his guilty plea was coerced is the fact that he first denied being guilty of some of the crimes with which he was charged. However, this Court observed in *Corley v. State*, 585 So.2d 765, 766 (Miss. 1991), "[o]ur focus is sharpened when we realize no law requires the accused admit his guilt before the court may accept his plea." This Court held that "admission of guilt is not a constitutional requisite of an enforceable plea." *Reynolds v. State*, 521 So.2d 914, 917 (Miss. 1988), relying on *North Carolina v. Alford*, 400 U.S. 25, 38-39, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162, 171-72 (1970). Thus, the fact that Randle denied being guilty for some of the crimes with which he was charged does not invalidate his later plea.

On appellate review, this Court looks to the objective record and proof in the accused's presence. *Corley v. State*, 585 So.2d 765, 768 (Miss. 1991). This Court "ask[s] not what facts the sentencing judge knew but what facts were available and in the record or otherwise before the court." *Corley*, 585 So.2d at 768. In *Gilliard v. State*, 426 So2d 710 (Miss. 1985), this Court stated:

In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. It

is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

*Id.* at 712.

The record in the case sub judice shows that after Randle's denial of the charges, he came back into court and admitted his guilt to each of the charges. The trial judge asked about each crime in detail, including questioning Randle as to his guilt. He was advised of the possible sentences and fines that could be imposed by the court . The trial judge concluded by asking, "Understanding that you could be imprisoned for up to 110 years and be fined in an amount up to $40,000, is it still your desire and wish to enter a plea of guilty to all four counts of these two indictments?" Randle answered, "Yes, sir."

There is nothing in the record that suggests that Randle was offered any hopes of reward for entering his plea of guilty, or that he was coerced, threatened or intimidated into making it. To the contrary, the trial court explained fully the constitutional protections available to him as well as the ramifications of entering a guilty plea. *Sanders v. State*, 440 So.2d 278, 288 (Miss. 1983). Randle told the court that no one had promised him anything concerning the sentence and that he understood the State had made no recommendation. Furthermore, the trial judge asked Randle's attorney,

THE COURT: Do you believe that he understands your advice, and is in fact entering this plea knowingly, freely, understandingly and voluntarily on his part?

MR. THORNE: Yes, Your Honor. In fact, he has gone though two pleas before. So he is well aware of the mechanics of it, and think he is doing this of his own free will.

The trial judge questioned Randle carefully and he did eventually fully admit his guilt. The record clearly shows that the guilty plea was made knowingly and voluntarily. Although Randle did not admit outright his guilt for the crimes charged, ". . . there was a more than adequate factual basis for the circuit court to accept his guilty plea." *Lott v. State*, 597 So.2d 627, 629 (Miss. 1992). Therefore, there is no merit to this assignment of error.

## II. WHETHER RANDLE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?

The second issue which must be addressed is whether Attorney Thorne provided ineffective assistance of counsel to Randle . The standard in determining ineffective assistance of counsel is a two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense." *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996). Randle must overcome the presumption that "'counsel's performance falls within the range of reasonable professional assistance.'" *Drennan v. State*, 695 So.2d 581, 586 (Miss. 1997) (*quoting Schmitt v. State*, 560 So.2d 148, 154 (Miss. 1990) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. At 2068)). To overcome this presumption, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'." *Id. (quoting Schmitt*, 560 So.2d at 154).

Examining the facts as contained within the record now before this Court and applying the two-pronged test as set forth in *Strickland v Washington*, 466 U.S. 668 (1984), it is obvious Randle failed to sustain his claim of ineffective assistance of counsel. Randle has not shown this Court anything in the record that would suggest Mr. Thorne's overall performance was deficient or prejudicial. His petition gives only a broad general complaint that counsel was deficient because he had a conflict of interest and he did not invoke certain procedural and substantive safeguards . *Callahan v. State*, 426 So.2d 801, 805 (Miss. 1983). No allegation is given as to what conflict of interest Thorne had nor what these safeguards might have been. In fact, he stated to the trial judge that he was satisfied with the legal service and advice of his attorney. He also agreed that Mr. Thorne properly advised him before he entered the guilty plea and properly represented his best interests in his case.

In addition to the above inadequacy, Randle failed to show how his case was prejudiced by such omissions. *Callahan*, 426 So.2d at 806. Furthermore, the petition makes ". . . no such allegation of how the outcome of the proceedings would have been altered had counsel performed differently." *Id.* Randle pleaded guilty in order to avoid a trial by a jury that would have subjected him to a possible longer sentence. The only thing that might have been different if the case had gone to trial is the possibility of a much higher sentence.

Randle has failed to supply this Court with an adequate record "showing with specificity and detail any evidence which might rebut the strong presumption in favor of counsel's performance being both adequate and reasonable." *Taylor v. State*, 682 So.2d 359, 363 (Miss. 1996). Therefore, Randle was not denied ineffective assistance of counsel and is not entitled to relief under this portion of the petition.

## CONCLUSION

There is absolutely nothing in the record, other than Randle's claim that he was only guilty for part of the crimes, which suggests that Randle's pleas were not voluntary and knowing. He was questioned about the details of the crimes and informed of the possible sentences and fines he could receive. Randle understood the consequences of his guilty plea. It is not necessary for a defendant to admit his guilt before a court may accept his plea. Relying on the record before this Court, there was a sufficient factual basis on which the trial judge was able to accept Randle's plea.

Moreover, there is simply nothing contained within this record which demonstrates that Randle received ineffective assistance of counsel. There has been no evidence produced that overcomes the presumption that Mr. Thorne's performance was both adequate and reasonable. Under the facts of this case and the law, there is no merit to the assignment of errors.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**