749 So.2d 291 (1999)
George Scott EDWARDS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CA-00887-COA.
Court of Appeals of Mississippi.
September 7, 1999.
*292 George Scott Edwards, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND MOORE, JJ.
DIAZ, J., for the Court:
¶ 1. George Scott Edwards, the appellant, seeks post conviction relief after he entered a guilty plea to two counts of sale of cocaine in the Chickasaw County Circuit Court. Edwards raises the following issues in his appeal: (1) whether the conviction or the sentence imposed was in violation of the United States and Mississippi Constitutions, specifically his right to effective assistance of counsel, (2) whether the trial court maintained jurisdiction to impose sentence, (3) whether there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice, and (4) whether his plea was voluntary. Finding no error, we deny Edwards's petition for post conviction relief.

FACTS
¶ 2. On June 17, 1992, Edwards was arrested by members of the Northeast Mississippi Narcotics Task Force for two counts of a sale of a controlled substance, namely crack cocaine. In April 1994, Edwards was indicted by the grand jury in Chickasaw County on these two counts. He was appointed legal counsel. Later, in July 1994, Edwards pled guilty to both charges after being apprized of his constitutional rights. At the hearing for his guilty pleas, Edwards admitted that he committed the offenses of twice selling cocaine in April 1992. Edwards was sentenced to serve two concurrent terms of fifteen years in the custody of the Mississippi Department of Corrections.
¶ 3. Edwards and his mother filed affidavits in support of his contentions. However, he has not included an affidavit from the attorney representing him when he entered his guilty plea. The circuit court dismissed Edwards's plea petition stating that he was not entitled to any relief. Feeling aggrieved, Edwards perfects this appeal.

DISCUSSION

I. WHETHER EDWARDS'S CONVICTION OR THE SENTENCE IMPOSED WAS IN VIOLATION OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS SPECIFICALLY HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel's performance was deficient and (2) that the *293 deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). "Only where there is a reasonable probability that without counsel's error the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873.
¶ 5. Edwards argues that he received ineffective assistance of counsel when his attorney waived the preliminary hearing, which Edwards approved of as indicated by his signature, and because the attorney did not investigate his case. Under the two-prong test of Strickland and Stringer, Edwards failed to prove either of these claims. By signing the waiver of the preliminary hearing form, Edwards relinquished his claim for ineffective assistance of counsel with regard to that matter. Under oath, Edwards testified that he consulted with his attorney about the consequences of pleading guilty including his waiver of a speedy trial. Edwards has not rebutted the presumption under Eakes that counsel's performance at the plea agreement fell within the broad spectrum of reasonable professional assistance nor that it prejudiced the defense. Further, a review of the record shows no error in his attorney's performance. As a result, we find Edwards's claim of ineffective assistance of counsel to be without merit.

II. WHETHER THE TRIAL COURT MAINTAINED JURISDICTION TO IMPOSE SENTENCE
¶ 6. Edwards also claims that the Chickasaw County Circuit Court was without jurisdiction to hear his case and impose a sentence. "The local jurisdiction of all offenses ... shall be in the county where committed." Miss.Code Ann. § 99-11-3. Therefore, the circuit courts of this state have subject matter jurisdiction of prosecutions of criminal offenses. Jefferson v. State, 556 So.2d 1016, 1020 (Miss. 1989). The Chickasaw County Circuit Court is no exception. That court acquired authority to proceed against the defendant in April of 1994 when the grand jury returned the indictments charging the essential elements of the criminal offense against the defendant and served those indictments upon him. URCCC 2.05; Jefferson, 556 So.2d at 1021. Since Edwards sold the cocaine in Chickasaw County and the grand jury of that county returned indictments against him, the Chickasaw County Circuit Court maintained jurisdiction to accept Edwards's guilty plea and impose an appropriate sentence. Therefore, this Court finds that Edwards's assertion that the circuit court lacked jurisdiction to be without merit.

III. WHETHER THERE EXISTS EVIDENCE OF MATERIAL FACTS, NOT PREVIOUSLY PRESENTED AND HEARD, THAT REQUIRES VACATION OF THE CONVICTION OR SENTENCE IN THE INTEREST OF JUSTICE
¶ 7. Edwards also argues that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice. In his brief, Edwards presents no specific evidence that could be considered upon review other than a vague assertion that he was the target of the Northeast Mississippi Narcotics Task Force to remove him from Okolona. Furthermore, Edwards cites no legal authority in support of this assignment of error. The supreme court has repeatedly stated that it is the appellant's duty to provide authority in support of his claims of error. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997). Accordingly, Edwards's failure to cite authority in for this issue preludes appellate review.

IV. WHETHER EDWARDS'S PLEA WAS VOLUNTARY
¶ 8. The initial inquiry in assessing the validity of a plea agreement is whether the defendant voluntarily and intelligently *294 entered such a plea. Banana v. State, 635 So.2d 851, 854 (Miss.1994). To meet these requirements, the defendant must know the nature of the crime with which he is charged and the consequences of his guilty plea. Drennan v. State, 695 So.2d 581, 584 (Miss.1997) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992)). The United States Supreme Court relied on the Fifth Circuit Court of Appeals determination of the voluntariness of a guilty plea and adopted the following standard:
¶ 9. A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).
Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (citations omitted). Ultimately, whether the plea agreement was entered into voluntarily and intelligently is determined on a case-by-case basis. Ball v. State, 57 Md.App. 338, 470 A.2d 361, 365 (1984) (citing Davis, 617 F.2d at 687).
¶ 10. In determining whether Edwards voluntarily and intelligently entered his guilty plea under Banana, it is helpful to review the dialogue between the trial judge and the defendant. After determining that Edwards understood his constitutional rights, the judge specifically asked the defendant whether his actions in pleading guilty were free and voluntary. Under oath, Edwards answered affirmatively. The elements of Drennan were met when the judge asked Edwards whether he knew that he was charged with the sale of cocaine to an undercover agent. After some discussion including a synopsis by Edwards of the crimes, he admitted to the crimes. At this point the State recommended a sentence of fifteen years for each count to be served concurrently. The judge stated that he was not bound to follow this recommendation, although he did. Edwards also stated that he was satisfied with the services of his court appointed counsel.
¶ 11. Once all of this preliminary information was imparted to Edwards, the judge asked the defendant whether he wanted to plead guilty and he affirmatively answered. Since Edwards was fully aware of the direct consequences of entering a guilty plea and the record does not reflect any threats, misrepresentations, or improper promises under Brady, Edwards has failed to prove his first claim that his plea was involuntary and not freely entered. Under Ball, a defendant's plea agreement is reviewed individually to determine whether it was voluntarily and intelligently entered. As the facts and discussion above show, Edwards freely and voluntarily entered his guilty plea for the sales of cocaine; therefore, his claim of involuntarily accepting a guilty plea is without merit.
¶ 12. The order denying post conviction relief was properly within the discretion of the Circuit Court of Chickasaw County; and therefore, this Court affirms that decision.
¶ 13. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED DENYING POST CONVICTION RELIEF. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.