THOMAS, J.,
for the court:
¶ 1. Emanuel Reddish Ellis, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his petition for post-conviction relief. Aggrieved, Ellis perfected this appeal, raising the following issues as error:
*297 I. WHETHER APPELLANT’S GUILTY PLEA WAIVED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL?
II. WAS ELLIS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
Finding no error, we affirm.
FACTS
¶ 2. On July 10, 1996, Ellis was indicted for transfer of a controlled substance (cocaine) and simple assault on a police officer as a habitual offender. These crimes were committed on March 22, 1996. Ellis was arraigned and pled not guilty on November 8, 1996. Thereafter, 222 days later, on June 18, 1997, Ellis pled guilty to the transfer of controlled substance count in exchange for the State’s recommending a ten year sentence on the drug charge and passing the assault to the files. The trial court sentenced Ellis as an habitual offender to serve ten years in custody of the Mississippi Department of Corrections without hope of parole pursuant to Miss. Code Ann. § 99-19-81 (Rev.2000). Ellis filed a post-conviction motion to dismiss for lack of a speedy trial, which was denied without a hearing. It is from this denial that Ellis now appeals.
ANALYSIS
I.
WHETHER APPELLANT’S GUILTY PLEA WAIVED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL?
¶ 3. Ellis contends that he was denied his constitutional and statutory right to a speedy trial. Ellis states that the long delay was prejudice towards his case; however, Ellis offers no facts to support this alleged prejudice. The trial court found that there was no 270 day rule violation under Miss.Code Ann. § 99-17-1, nor any facts to support a constitutional claim. Obviously, there was no 270 day violation in as much as Ellis’s case was disposed of in 222 days. Furthermore, our supreme court has held that a guilty plea waives the right to a speedy trial, whether of constitutional or statutory origin and will not be the basis for relief on a motion for post-conviction relief. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). See also Drennan v. State, 695 So.2d 581, 584 (Miss.1997); Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992). We hold that Ellis’s argument lacks merit.
II.
WAS ELLIS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. In his motion for post-conviction relief, Ellis alleges that he received ineffective assistance of counsel because his attorney coerced him into pleading guilty, misrepresented the status of his case, and failed to properly prepare the case for trial, all with the collateral intent to cover up the fact that counsel was unprepared for trial. In order for Ellis to prove the ineffective assistance of counsel claim, under Miss.Code Ann. § 99-39-11(2) (Rev.2000), the allegation must be alleged with specificity. “[H]e must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different.” Smith v. State, 434 So.2d 212, 219 (Miss.1983). See also Miss.Code Ann. § 99—39—9(1)(c) (Rev.2000). Ellis alleges that his attorney coerced him into pleading guilty and did not advise him of the correct status of his case. However, Ellis does not state the manner in which his attorney coerced him nor detail in what way he was unaware of the correct status of his case. Therefore, we find that Ellis has failed to meet his statutory burden of proof regard *298 ing the allegation of ineffective assistance of counsel in that his assertions lack the “specificity and detail” required to establish a prima facie showing. A review of the record shows that Ellis, aided by his counsel, presented his petition to plead guilty to the trial court. Ellis’s petition specifically states that he was aware of his right to a speedy trial and waived his right by pleading guilty. In addition, in the order accepting the guilty plea the trial court noted that Ellis knowingly and voluntarily waived his constitutional rights to trial. Ellis’s allegations of ineffective assistance of counsel are without merit in that the guilty plea petition provides ample evidence to the contrary.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, and PAYNE, JJ., concur. CHANDLER, J., not participating.